### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT COLUMBUS,

### JANUARY TERM, 1853.

Present—JOSEPH H. LUMPKIN, }
　　　　HIRAM WARNER, 　　　} Judges.
　　　　EUGENIUS A. NISBET. }

---

No. 65.—WILLIAM HOLLIDAY and Wife, and others, plaintiffs in error, *vs.* JEREMIAH D. RIORDON, guardian of his daughter, Frances G. Riordon, defendant in error.

[1.] When a complainant in a bill in Equity, desires to make the record of a former suit between the same, or other parties, a part of his bill of complaint, he must annex a certified copy of such former suit to his bill as an exhibit, according to the requirement of the 17th rule of Equity Practice. A mere reference to the record of the Court, does not make such record a part of the complainant's bill.

[2.] When a demurrer is filed to a bill for want of equity, and the defendant is desirous to amend the same, the motion to amend should be made, before the *final* judgment of the Court on the demurrer.

In Equity, in Dooly Superior Court. Decision on demurrer, by Judge WARREN. At Chambers, January, 1852.

Jeremiah D. Riordon, as the guardian of his daughter, a minor, filed his bill in Equity, alleging that he had previously filed

VOL. XII 53

a bill against the same defendants, with the present, praying a distribution, on behalf of his daughter, of certain negro property acquired under the last will and testament of John Smith, deceased, late of Burke County; " which bill, with copy of will annexed, are now of file in the Clerk's office of the Superior Court of said County; and he asks that they may be made a part of this bill."

The bill farther charged, that since the filing of the original bill, Holliday and wife had commenced an action of trover, against Wm. L. Lane, for the negroes in his possession; but before any trial thereof, at November Term, 1850, Holliday and Lane compromised this suit, to this effect, that Lane was to retain this property, in behalf of himself and the children of Jarva Lane, thereby excluding the ward of complainant, who is one of the heirs and children of said Jarva Lane; that this agreement was made with the fraudulent intent of excluding the ward of complainant from participating in the enjoyments of the property descending through their common parent.

The bill charged that complainant had been informed that Holliday had threatened that before the property in his possession should be distributed as indicated by the Supreme Court, (*see this case in Volume* VIII.) he will run the same out of the State, and for this and other reasons, complainant entertained serious apprehensions that the property would be removed; that Lane, he was informed, had made similar threats; and complainant apprehended loss to his ward, unless some remedy was afforded him. The prayer was for a *ne exeat,* and that Lane account to complainant, as guardian of his ward, for a distributive share of the hire of the negroes in his possession.

This bill was verified by the affidavit of the complainant.

To this bill a demurrer was filed, among other grounds:

Because the original bill referred to therein, and the will annexed thereto, are not made exhibits to this bill.

Because the complainant has no immediate or direct interest in the matters charged in the bill.

The Court below overruled the demurrer, and this decision is assigned as error.

STROZIER, for plaintiff in error.

LYON, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The complainant's title to the property is derived from the last will and testament of John Smith, deceased. The will of John Smith is not attached as an exhibit to this bill of complant, nor is it alleged therein what the provisions of that will are. It is true the complainant alleges, that there is another bill on file in the Clerk's office of the Superior Court of Dooly County, with a copy of the will annexed, which he asks may be made a part of this bill; but the answer is that the 17th rule of Equity Practice requires, that copies of all deeds, writings, and other exhibits *shall be filed with the bill,* and no other exhibits shall be admitted, unless by order of the Court, for some special and good cause shewn. 2 *Kelly,* 484.

The mere reference to a former bill, which had been theretofore pending in the Superior Court between the parties, did not make that bill and the exhibits thereto annexed, a part of this bill. A certified copy of that bill, and the exhibits thereto annexed, should have been attached to this bill, in order to have made the same a part thereof; consequently, the complainant does not shew upon the face of his bill, any title to the relief which he seeks, and on that ground the demurrer ought to have been sustained.

[2.] When the demurrer was filed by the defendants, and before the final judgment of the Court thereon, it would have been competent for the complainant to have moved the Court for leave to amend his bill, so as to have made the will of John Smith an exhibit thereto, which, if the Court had allowed in its discretion, this Court would not have controlled that discretion;

but the demurrer was overruled on the state of facts made by the complainant's bill, without any such amendment having been offered or made, before the final judgment of the Court on the demurrer. *Lyon vs. Talmadge*, 1 *John. Ch. Rep.* 188. When the will of John Smith was before us, on a former occasion, for construction, we held, that the property now in controversy, was not to be distributed according to the provisions thereof, until the death of Frances Holliday, the surviving daughter of the testator. *Riordon vs. Holliday et al.* 8 *Georgia Rep.* 79. It appears on the face of complainant's bill, that Frances Holliday is still in life, and as the complainant alleges, has, with her husband, entered into an agreement by which the children of Jarva Lane, (except the complainant's ward) are to retain the possession of a portion of the negroes in dispute.

This allegation in reference to the agreement made by Holliday and wife, that a portion of the children of Jarva Lane, should retain possession of certain negroes, to the exclusion of complainant's ward, who is also a child of Jarva Lane, does not afford any legal or equitable ground in favor of the latter, for relief. Frances Holliday, under the will of her father, John Smith, is entitled to the possession and control of the property during her life, and if she and her husband think proper, by agreement, to allow any portion of the children of Jarva Lane, to possess and enjoy any portion of the negroes during the continuance of her life estate therein, it is her undoubted right and privilege to do so. As to the right of the complainant, as a remainder man, to have the property secured, and be forthcoming on the death of Frances Holilday, on a proper case being made for that purpose, we express no opinion.

Let the judgment of the Court below be reversed.