Patterson *et al. vs.* Turner *et al.*

---

### Patterson *et al. vs.* Turner *et al.*

[Jackson, J., being related to plaintiffs in error, did not preside in this case.]

1. If the bill sets forth a case upon which the complainants ought to recover anything, on the law side or on the equity side of the superior court in which the cause is pending, a motion made at the hearing to dismiss the bill for want of equity should be denied. That

there is an adequate remedy at law is matter for demurrer, not for motion, at the hearing to dismiss. 55 *Ga.*, 553, 433.

2. It is unsafe to decree on the effect of a prior judgment in an action of ejectment as a bar to a bill in equity touching the same land and the title thereto, without a copy from the record of the ejectment, or very full and certain recitals in respect to the same. All material documents or records referred to in the bill and not charged to be inaccessible, ought to be recited so as to leave no doubt about their proper effect on the controversy, or else made exhibits to the bill by copies actually annexed. However, without having demurred for the omission to attach exhibits, the defendant cannot have the bill dismissed at the hearing by reason of matter, vaguely stated in the bill, favorable to the defendant, and which is not essential to the complainants' case, and which needs an exhibit for complete development and illustration.

Equity. Judgments. Exhibits. Before Judge Hood. Terrell Superior Court. November Term, 1878.

To the May term, 1873, of Terrell superior court, Mrs. Patterson and her brother, Andrew Lamar, filed their bill, making, in brief, this case :

Complainants are the sole heirs-at-law of Andrew Lamar, deceased. He died seized and possessed of lot of land 214, in the 3d district of said county. The chain of title under which the said Andrew held, commenced with a deed from one James Delay, to whom the land was granted by the state on January 10, 1837. This deed was made soon after the date of the grant. The various persons through whom the title descended to the said Andrew have died, and their estates are now unrepresented. The aforesaid deed has been lost or destroyed since the death of their father, the said Andrew, which occurred in the year 1849. They have no copy or memorandum of its contents, from which they could attach a proper exhibit thereof. On October 24, 1866, they were informed that one Turner had taken possession of said lot, and they were about to take the necessary steps to establish a copy of said lost deed, when the heirs-at-law of Delay, to save the delay and expense incident to such a proceeding, executed a confirmatory deed, a copy of

which is recorded in the clerk's office. Complainants were then minors, Mrs. Patterson being eighteen years of age, and Andrew Lamar fifteen, hence Turner's possession was not adverse, and did not grow into a prescriptive right during their disability.

On April 10, 1869, they brought ejectment for said lot against Turner, Knott and McVey, and a verdict was rendered for the defendants. A new trial was refused and this judgment affirmed by the supreme court, all of which will appear by reference to the records of Terrell superior court, and they pray for leave to attach copies if it be deemed necessary. This adverse determination of the ejectment suit resulted from the fact that it was held that the recitals in the confirmatory deed of the heirs of Delay were not evidence of the facts therein stated, and said deed operated only to convey title at the date which it purported to bear. Thus the statute of limitations commenced to run in favor of Turner in 1866, at the date of said deed, and it was not suspended on account of their infancy, because they purchased voluntarily whilst it was running. McVey, who was merely a tenant, was the only defendant to said action who was served, and was thus the only party thereto who acquired any rights under the judgment. Knott was then, and is still, the pretended claimant to said lot, and is in possession thereof by the said McVey as his tenant. His pretended chain of title commences with a deed from said Delay purporting to have been executed in the year 1848. Delay was not then in life. All of the deeds constituting said chain from him to Bond are forgeries. Turner had notice thereof at the time he purchased from Irwin as the agent of Bond. Knott, at the time of his purchase from Turner, had like notice, and his only reason for buying was his belief, then expressed, that seven years' possession by Turner gave him a prescriptive right thereto.

By reason of the death of all the parties under whom complainants claim, and the great lapse of time, they are

unable to make out a copy of the lost deed as above stated, and hence are unable to establish the same at law. Hence they pray relief in equity, that the deeds under which defendants claim may be declared void and delivered up to be canceled, that their title may be established, and that they may have an accounting for *mesne* profits.

Turner, of Dougherty county, Knott, of Bibb county, McVey, of Terrell county, and the heirs-at-law of Delay, were made parties defendant.

No exhibits were attached to the bill.

When the case was called for trial at the November term, 1878, a motion was made to dismiss for want of equity. The motion was sustained and complainants excepted.

D. A. VASON, for plaintiffs in error.

C. B. WOOTEN, by R. N. ELY, for defendants.

BLECKLEY, Justice.

1. "Want of equity" is a phrase which has two meanings. A bill may want equity because it presents a good case for a court of law, or because it presents no case at all. Used in the former sense, the point is made that the complainant, by his own showing, does not need the aid of a court of equity; used in the latter, it signifies that he is entitled to no redress in any court. A somewhat analagous instance of ambiguity in common speech may be specified: We may say "this purse contains no gold," when it is full of silver, or when it is empty; or "this vessel contains no wine," when it is full of oil, or when it contains neither wine nor oil. In English practice, and also in our own until it was made optional to resort to the superior court as a court of law for the adjudication of equitable as well as legal rights, if a bill wanted equity in either sense, a court of equity would not entertain it. And this is true still with us, if the objection is presented by demurrer in due time. But as the superior court has both legal and equitable juris-

diction, and as it makes no difference on which side of the court a plaintiff proceeds for an equitable cause of action, so it has been held and is now settled, it makes no difference on which side he proceeds for a legal cause of action unless he is met by a demurrer. If the defendant suffers the bill to proceed to a hearing, and the delay and expense of preparation for trial to be incurred, not demurring when he ought to have demurred, he is understood to waive his strict legal right to litigate the merits on the law side of the superior court rather than the equity side. The jurisdiction is not defective in a sense which forbids waiver, for the same physical, corporeal tribunal administers justice on both sides of the superior court—the same judge and juries; and when in session, the court is always open both as a court of law and a court of equity. If the cause is properly located territorially, and is one of which the superior court in either of its two functions has jurisdiction, and a good case for either a judgment at law or a decree in equity is embraced in the bill, a motion made at the hearing to dismiss the bill for want of equity comes too late, and should be overruled. 55 *Ga.*, 443, 553. If, however, the bill lacks equity in the larger and more comprehensive sense, that is, if the bill is empty of any case—contains, so to speak, neither gold nor silver, neither wine nor oil, a motion at the hearing to dismiss is no less effective for its overthrow than is a regular demurrer duly filed. While the defendant is not allowed to defeat by motion a meritorious case because it is on the wrong docket, he is allowed to defeat, by that means, a case so devoid of merit that it ought, taking the charges of the bill as true, to be on no docket whatever.

Ignoring the ejectment suit to which the present bill refers, it cannot well be questioned that the bill shows a cause of action which, if proved as laid, would entitle the complainants to recover at law the premises in controversy. They allege that no prescription has ripened against them because of their infancy, and that in 1866 the elder was

eighteen and the younger fifteen years of age. The statute gives infants seven years in which to sue for land after attaining majority, and this bill was filed in 1873, before the seven years had expired as to either of the complainants. On the face of the bill, the legal title is in them, and the loss of the deed to their deceased father, if they can prove its contents and its execution, is no obstacle to a recovery.

2. As to the ejectment suit, it appears that only one of the three defendants in the bill was an actual party to it; and it seems to us that to adjudicate upon the effect of the judgment, as to this entire litigation, in the absence of the record of that suit, or a full recital of its contents, would be extremely unsafe. As to exhibits or recitals, see 12 *Ga.*, 417; 13 *Ib.*, 24; 18 *Ib.*, 492; 16 *Ib.*, 73, 74, 75; 21 *Ib.*, 207. There is no virtue in merely referring to a record, without appending a copy or stating its contents. If the complainants needed the aid of that record as pleading, they could not obtain it by any such reference as they have made to it; but they do not need it for at least a part of the relief for which they pray, there being no demurrer to their bill. In so far as the ejectment suit and its result may be favorable to the defendants, something more is needed for full and complete development than the meagre description of the suit found in the bill. It is better to have the record brought into the pleadings before disposing of the bill finally and forever. A mere motion to dismiss should have been denied.

Judgment reversed.