LYDIA S. BRADSTREET & others *vs.* HARRIET P. BUTTERFIELD
& others.

Suffolk. March 24, 1879. — September 10, 1880.

A decree of this court appointing a trustee under a will made in a county other than that in which the will is admitted to probate, but in which part of the trust estate is situated, is not void, and cannot be collaterally impeached; and it is immaterial that the petition for the appointment of the trustee presented to and acted on by the court in one county was in form addressed to the court in another county.

A new trustee under a will, appointed by this court, under the Gen. Sts. *c.* 100, § 9, is not required to give a bond, unless such bond is required of him by the will, or by the order of the court appointing him.

WRIT OF ENTRY, dated March 18, 1875, brought to recover a parcel of land in that part of Boston formerly Charlestown. The case was submitted to the Superior Court, and, after judgment for the tenants, to this court on appeal, upon the following statement of facts:

The demandants are the heirs at law of James W. Stearns, late of Somerville, in the county of Middlesex, who died in 1863, and was a son of Sarah W. Stearns. The tenants are the heirs at law of Freeman Peacock, deceased.

Both parties claim title under the will of Sarah W. Stearns, late of Salem, in the county of Essex, which will was admitted to probate in that county on February 20, 1844, and by which she directed the residue of her estate to be divided among her children in nine equal shares, and made the following provisions:

"I give and bequeath one share thereof to my daughter Caroline, in trust for my son James W. Stearns, and his heirs; the income thereof, and such part of the principal as shall be judged necessary by said trustee, to be applied for the support of said James W. and his family. This trust is to continue during the natural life of said James; and the estate herein bequeathed for his use, remaining at the time of his decease, if any, shall descend to his heirs at law; or, if said trustee should otherwise determine, said trust may be terminated at any time, at the discretion of said trustee. Said trust to be held and executed by

my daughter Caroline as aforesaid, her heirs and assigns, the directions of my said son James W. to be regarded in all things relating to the trust property and the disposition of the same, so far as said trustee shall consider said directions reasonable and judicious. It is my will that none of the trustees herein named and appointed shall be required to give bonds at the Probate Office for the faithful performance of their respective trusts. It is my will that my estate shall be divided among my children, as far as the same can be judiciously done, provided my children can agree among themselves as to the distribution and division thereof. The trustees herein named are fully authorized to convey, by a good and sufficient deed, any portion of the real estate by them respectively held in trust: provided they shall deem a sale thereof for the interest of those for whose benefit and use said trusts are respectively created."

Caroline accepted the trust, and acted as trustee until her death in 1851, unmarried, and leaving her brothers and sisters her heirs. Sarah W. Stearns's estate was duly divided, and the demanded premises were duly assigned and set off to Caroline, as part of the share so devised to her in trust.

No further proceedings were had in relation to the trust until, at October term 1860 of the Supreme Judicial Court for the county of Middlesex, James W. Stearns filed and presented a petition for the appointment of a new trustee, which is copied in the margin.* The record of that case did not show that any notice was given, but, after reciting the substance of the petition, stated that, " upon hearing, it is ordered and decreed

---

* To the Honorable the Justices of the Supreme Judicial Court next to be holden at Boston, in the County of Suffolk:

Humbly petitioning, shows unto your Honors, James W. Stearns, of Somerville, in the county of Middlesex, that Sarah W. Stearns, late of Salem, in the county of Essex, died testate; that at the Court of Probate holden at the said Salem, on the third Tuesday of February, A. D. 1844, the will of the said Sarah was duly presented and allowed, approved and established, as the last will and testament of the before-named deceased; that in and by said will a large amount of real estate, situated in the counties of Middlesex, Suffolk and Essex, was devised to one Caroline Stearns, of said Salem, in trust for your petitioner, the income and principal of said trust estate to

by the court here that George W. Emery, Esq., of Medford, in said county of Middlesex, be and hereby is appointed trustee under the will of Sarah W. Stearns aforesaid, in place of Caroline Stearns, late of Salem, deceased, with all the powers and duties conferred upon said trustee appointed by the will, with power to take, hold, manage, alien and convey said trust estate as fully as is given by the will to said Caroline."

Emery never gave any bond as trustee, and no persons interested in the trust estate certified their consent that such bond should not be required. He was not the heir or assign of Caroline. In January and February, 1861, Emery, as such trustee, in consideration of the sum of $1188 to him paid by Peacock, executed, acknowledged and delivered to Peacock deeds of the demanded premises; and Peacock immediately thereafter entered into possession of the premises, and made improvements thereon, and such possession has been continued by him and his heirs to the present time.

If the demandants were entitled to recover, judgment was to be rendered for them, with no damages for rents and profits, and the tenants were to have the right to remove the improvements; otherwise, judgment for the tenants.

*W. S. Stearns & J. H. Butler*, for the demandants.

*C. Robinson, Jr.*, for the tenants.

GRAY, C. J. The validity and effect of the decree made by this court in Middlesex at October term 1860 depend upon the provisions of the General Statutes. Gen. Sts. *c.* 181, § 2.

The provisions of those statutes conferring general jurisdiction in equity upon this court do not usually direct in what county suits in equity shall be brought, but leave that question to be

---

be applied by said trustee for the support of said petitioner and his family, and by the provisions of said will said trust was to continue during the natural life of your petitioner; that said Caroline accepted such trust; that she has since died; that the objects of said trust are not accomplished, and that no adequate provision is made by said will for supplying the vacancy occasioned by the death of said Caroline.

Your petitioner, therefore, humbly prays your Honors to appoint a new trustee in order that the provisions of said will may be fully carried out according to the intent of the testator, and so in duty bound will ever pray.

James White Stearns.

determined by the nature of the subject matter, the analogies to be derived from actions at law, and the practice of courts of chancery. The principal if not the only cases in which there is express legislation upon this point are those of suits for the redemption of lands from levy on execution or from mortgage, of which the Superior Court has concurrent jurisdiction, and which must be brought in the county in which the land lies; and suits for the redemption of mortgages to the Commonwealth, which must be brought in this court in Suffolk. Gen. Sts. c. 103, § 29; c. 140, §§ 23, 48. Applications to this court sitting in equity for the appointment of trustees under a will have in practice been made either in the county in which the will has been admitted to probate, according to the rule governing the probate courts in like cases, or in a county in which land forming part of the trust estate is situated, according to the rule in real actions. Gen. Sts. c. 100, §§ 1, 7, 8, 9, 11, 14, 17, 22; c. 123, § 2. Although it is more usual and convenient that the appointment and the record thereof should be in the same county with the probate of the will, yet a decree made, without objection, in another county, in which part of the trust estate is situated, is not void, and cannot be collaterally impeached. Story Eq. Pl. §§ 486, 487. The fact that the petition presented to and acted on by the court in Middlesex was in form addressed to the court in Suffolk is immaterial.

If the objection of want of notice to all parties interested is open to the demandants in this action, (which is at least doubtful,) it is a sufficient answer that it does not appear that any person was interested in the appointment of a new trustee, except James W. Stearns, the petitioner; for during his life it could not be known who would be his heirs at law; and there was at that time no provision of statute requiring the appointment of any one to represent contingent interests. See *Greene* v. *Borland*, 4 Met. 330; Sts. 1863, c. 25; 1864, c. 168.

The new trustee must therefore be held to have been lawfully appointed, and the remaining question is whether his omission to give bond for the performance of his trust is fatal to the validity of the deeds executed by him, and under which the tenants claim title.

The demandants rely on the provisions of the Gen. Sts. *c.* 100, the construction and effect of which may be made clear by referring to the previous statutes incorporated therein, as was done by the court in the decisions by which it was established that no bond was required of trustees for public charities. *Lowell, appellant,* 22 Pick. 215, 220. *Drury* v. *Natick,* 10 Allen, 169, 176.

Under the Revised Statutes of 1836, which reënacted corresponding provisions of the St. of 1817, *c.* 190, every trustee under a will for minors or other persons, originally named therein or afterwards appointed by the judge of probate, (unless exempted by the testator, or by consent of all persons interested,) was required to give bond to the judge of probate. Rev. Sts. c. 69, §§ 1, 2, 4, 9. St. 1817, *c.* 190, §§ 37, 38, 40, 41. But those statutes in no way affected the general jurisdiction in equity of this court over trusts under deeds and wills and in the settlement of estates, and prescribed no rules as to the appointment of trustees by this court in the exercise of this jurisdiction, or as to the giving of bonds by trustees so appointed. Sts. 1817, *c.* 87 ; *c.* 190, § 37. Rev. Sts. *c.* 81, § 8. *Bowditch* v. *Banuelos,* 1 Gray, 220. Gen. Sts. *c.* 113, § 2.

The St. of 1843, *c.* 19, merely extended the provisions of the Rev. Sts. *c.* 69, §§ 7, 8, as to the removal of trustees and the appointment of new ones by the judge of probate, to trusts created by deed, without making any change in the law as to trusts created by will.

By the St. of 1852, *c.* 212, it was enacted that the justices. of this court and the judges of the several courts of probate in the several counties might remove any trustee of an estate "created by deed, indenture or other instrument," and appoint a new trustee, with all the powers and duties of the original trustee; "such new trustee giving the like bonds and security as are required, if any, by the deed, indenture or other instrument creating the trust estate." This statute had no application to trustees originally named in a will or deed, or appointed to fill a vacancy arising from any other cause than removal by the court. In a case within its provisions, a bond must doubtless be deemed to be "required by the instrument creating the trust" when required either by the very terms of

the instrument, or by the general provisions of law applicable to the case.

Assuming the word "instrument" to include a will, the effect would be that a new trustee under a will, appointed pursuant to this statute, must give bond if required to do so by the terms of the will; if not required to do so by the terms of the will, he must still give bond if appointed by the judge of probate, because the Revised Statutes expressly so provided; but if appointed by this court, and not required by the terms of the will to give bond, then, as there was no statute requiring a bond in such a case, he need not give one, unless ordered to do so by the court in the exercise of its equitable discretion.

The General Statutes of 1860 reënact the provisions of the Revised Statutes requiring any trustee appointed by the probate court under a will to give bond, unless exempted by the testator or by consent of all persons interested. Gen. Sts. c. 100, §§ 1, 2, 4, 11. By § 9 the jurisdiction of the probate courts, concurrently with that of this court, to appoint new trustees, is extended to cases of any vacancy, from whatever cause arising; and it is provided that "such new trustee, upon giving the bonds and security required," shall have the same powers, rights, duties and estate as if originally appointed.

No bond being required of the trustee appointed by this court, either by the terms of the will, or by the provisions of the statutes, or by the decree appointing him, his omission to give bond for the performance of his trust does not impair the validity of his conveyances under which the tenants derive their title.

*Judgment affirmed.*