### Linton, trustee, v. Shaw et al.

Where all the beneficiaries of a trust estate, consisting of both realty and personalty in the hands of a trustee residing in this State, are citizens of another State, it is within the power and jurisdiction of the superior court of the trustee's residence, exercising its equitable powers, upon the application of these beneficiaries, to render a decree authorizing them to apply to the proper court in the State of their residence for the appointment of a trustee to take charge of the trust estate for their benefit, and to provide that upon his appointment the Georgia trustee shall convert the real estate into cash and deliver the same, together with the personalty belonging to the trust estate, already in his hands, to the foreign trustee; the decree making proper provision for the giving of a valid and adequate bond by such foreign trustee in the State of his residence, and providing fully for the protection of the Georgia trustee as to his fees and commissions, and also for the protection of all creditors of the trust estate residing in Georgia.
March 25, 1895. Brought forward from the last term. Code, §4271(a–c).

Equitable petition. Before Judge Hutchins. Clarke superior court. April term, 1894.

Howell Cobb, for plaintiff in error

Erwin & Cobb and Shackelford & Shackelford, contra.

Lumpkin, Justice.

The only question presented for our determination in this case is that arising upon the state of facts summarized in the head-note. We have, without much difficulty, reached the conclusion that the trial judge took the right view of this question.

It was insisted that sections 1865 et seq. of the code, which provide expressly for the transfer of property in this State belonging to a non-resident ward to the guardian in the foreign jurisdiction, were exclusive, and that, in the absence of express statute, property in this State in the hands of a trustee could not, even by a court of chancery, be transferred to a trustee in another State, although all the beneficiaries of the trust resided there. We do not think this contention well founded. Even

without the statute as to guardians, a court of equity could, by proper decree, have provided for the transfer of property belonging to non-resident wards. In Clanton v. Wright, 2 Tenn. Ch. 342, it was held that the funds of a non-resident lunatic could be transferred to the State of the lunatic's residence, upon the production of a certified transcript of the proceedings in lunacy showing the appointment of the guardian, and upon his giving a good and sufficient bond specially covering the funds so delivered to him. In the opinion rendered in that case it was distinctly stated that there was no statute in Tennessee providing for the removal from that State of a lunatic's property, and that the power to authorize the removal without a statute had been questioned. "But," said the chancellor, "the right of the court of chancery to transfer the funds of an estate which is being administered from the forum of ancillary administration to the administration of the decedent's domicile, without the aid of a statute, has been universally admitted." See authorities cited in support of this statement. Again, in Earl v. Dresser, 30 Ind. 11, it was held that the court of common pleas, possessing general chancery jurisdiction, had the power to order the funds of a ward transmitted or paid over to a guardian in another State where the ward was domiciled. A question arose in that case, whether a statute authorizing such delivery and payment to a non-resident guardian was still of force, but ELLIOTT, J., remarked it was unnecessary to decide that question, as the court was clear in the opinion that the power conferred by the statute was possessed by courts of equity under the common law, and that this statute, in that respect, was but declaratory of what the law was before its enactment.

A case which seems to be precisely in point is that of Yandell & Wife v. Elam et al., 1 Tenn. Ch. 102. It was there held that funds settled in trust upon a married

woman and her children, in the custody and control of the chancery court of that State, might be transferred to the custody and control of the chancery court of another State where the married woman and her children were domiciled, upon its being shown that such transfer was manifestly for the interests of the beneficiaries.

Of course, where the superior court deals with a matter of this kind, the decree should make proper provision for the giving of a valid and adequate bond by the foreign trustee in the State of his residence, and should also expressly provide for the protection of the Georgia trustee as to his commissions and fees, and for the protection of all creditors, if any, of the trust estate who reside in Georgia. All this seems to have been done in the present case, and we find no reason for disturbing the decree.          *Judgment affirmed.*