## LATHAM v. LATHAM.

Where a husband invested his wife's money in land, taking a deed
to the same in his own name, she had a perfect equity in the
land, and was not estopped from setting up the same against
one who, with full knowledge of the facts, took from the hus-
band a conveyance of the property, although the conveyance
was made for the purpose of indemnifying the grantee therein
against loss by reason of his having become a surety for the
husband and wife upon their joint promissory notes to another
person, it not appearing that such conveyance was executed for
the purpose stated with the wife's consent.

May 23, 1896. By two Justices. Argued at the last term.

Equitable petition.    Before Judge Janes.    Haralson
superior court.    January term, 1895.

*McBride & Craven, Edgar Latham* and *Price Edwards,*
for plaintiff in error.
*E. S. Griffith* and *W. F. Brown,* contra.

LUMPKIN, Justice.

There is no longer any room for doubt in this State, that
the investment by a husband of his wife's money in land to
which he takes title in his own name, gives her a perfect
equity in the property, and that she is not estopped from
setting up this equity against a vendee of the husband who
took from the latter a conveyance of the property with full
knowledge that it had been bought and paid for with the
wife's money.

The case at bar presents a somewhat different, though
not very difficult, question.    It appears that the plaintiff
and her husband borrowed money from a third person, for
which they executed their joint and several promissory
note, a brother of the husband signing the same as surety.
According to the facts as found by the jury, the husband,
prior to the giving of this note, had used his wife's money
in the purchase of certain land, taking the title thereto to
himself.    In order to indemnify his brother by reason of

the latter's suretyship upon the above mentioned note, the husband executed to him a deed to the land so purchased, the grantee accepting the deed with knowledge of the fact that the land therein described had been paid for with the wife's money. The case—it being a petition by the wife for the cancellation of this latter deed—was submitted to the jury upon special questions; and although the petition distinctly alleges that the deed from the husband to his brother was made without plaintiff's consent, there was no finding by the jury as to this particular matter. The answer, however, joined no issue with her upon this question, the husband averring that he bought and paid for the land with his own money, and the brother alleging that he took the deed in good faith and without any notice or knowledge of the wife's equity. The case, therefore, stands as if the deed was taken without the wife's consent, and the naked question presented is: Can a husband, without his wife's consent, convey land thus belonging to her to a third person, even for the purpose of securing her own debt, or indemnifying one who stands security for her, when such person has knowledge as to the true ownership of the land? We think not. If the legal title had been in the wife, it could not be pretended that any conveyance by the husband—no matter for what purpose executed—would pass the title out of her; and certainly, he has no more authority to attempt to dispose of her perfect equity in the land, without her express consent, by a conveyance of the legal title held in his name, to one fully informed as to the wife's equity. The act of the husband in conveying would be as nugatory in the one instance as in the other, so far as she was concerned. *Judgment affirmed.*