## JOHN V. McCARTHY, PETITIONER.

Middlesex, June, 1905.

*Trustee — Bond — Necessity Therefor Under the Various Revisions of the Statutes.*

Title in this case is held under a deed given in 1888 by one Colony as trustee, appointed by the probate court in 1878 under a written instrument, in place of a prior trustee who had deceased. Colony gave no bond.

Had he been appointed under the provisions of the Public Statutes of 1882, " every trustee appointed by a probate court shall give to the judge of said court a bond similar to that required of trustees under wills," and " every trustee who neglects to so give bond shall be considered to have resigned the trust," (P. S., c. 141, sec. 13, 18) the deed in question would have been void. The statutes in force in 1878, however, required from a trustee appointed by the probate court in place of a predecessor under an instrument other than a will such bond only " as the court may require." The court had authority to require a bond, and on failure to comply with an order therefor a trustee might be removed; but until such order and removal the examiner thinks no bond was necessary except for a trustee under a will.

The provisions of the Revised Statutes as to the appointment and qualification of trustees, referred solely to trustees appointed under wills. R. S., Chap. 69. And see note of the Commissioners to G. S., Chap. 100. In 1843 the provisions of Sections 7 and 8 of Chapter 69 of the Revised

Statutes (as to the removal and appointment of trustees under wills) were extended to all trusts created by deed. Nothing was said about bonds, however, and the provisions of the Revised Statutes in regard thereto applied only to trustees appointed under wills. In 1852, (Chapter 212) the probate court was given jurisdiction to remove such trustees and appoint new ones, a new trustee giving the like bond and securities required, if any, by the instrument creating the trust estate. Under the General Statutes (Chap. 100, sec. 9) it was provided that trustees appointed under instruments other than wills should " give the bonds and security required."

In 1869 an Act was passed (Chapter 357) providing that trustees " in all cases not otherwise provided for by law shall be required to give bond in the manner provided for trustees under a will or written instrument; " and this was the statute in effect at the time of Colony's appointment in 1878. At this time (by Chap. 331 of the Acts of 1869) the jurisdiction of the probate court had been extended to all matters relating to the sale of trust estates. The probate court had also jurisdiction for the appointment of trustees in various special cases; as, for damages to an estate held for life with a remainder or reversion over, caused by the laying out of ways (P. S., Ch. 49); to hold the excess over $10,000 on waiver by a widow of her husband's will (Acts of 1861, Ch. 164); on sale of an estate subject to contingent remainder, etc., (Acts of 1868, Ch. 287); to sell timber land and hold the proceeds in case of tenancy for life or in dower, (Acts of 1869, Ch. 249); for sale of estate held in trust for a minor, etc., (Acts of 1869, Ch. 331) and perhaps in other matters.

It would seem that Chapter 357 of the Acts of 1869 was intended to provide that in all matters where there was no express provision as to the bond of a trustee appointed by the probate court, bond should be given in the manner pro-

vided either for trustees under a will or for trustees under a written instrument. No bond is necessary to a trustee at all except as expressly required by statute, and a provision as to bonds in one case will limit rather than extend the requirement beyond the case immediately provided for. Lowell, et al., Appellants, 22 Pick, 215. Drury *v.* Natick, 10 Allen 169, 176. Parker *v.* Sears, 117 Mass. 513, 522. Bradstreet *v.* Butterfield, 129 Mass. 339. Bradstreet *v.* Butterfield was the case of a trustee appointed under a will by the Supreme Judicial Court. The provisions of the statute as to the appointment of a new trustee under a will required a bond when the trustee was appointed by the Probate Court. There was no express statutory provision requiring the giving of a bond by a trustee appointed by the Supreme Court, and it was held that " no bond being required of the trustees appointed by the Supreme Court either by the terms of the will or by the provisions of the statute, or by the decree appointing him, his omission to give bond for the performance of his trust does not impair the validity of his conveyance under which the tenants derive their title."

Until the enactment of the Public Statutes there seems to have been a marked distinction in the requirements as to bonds between trustees appointed by the Probate Court under a will, and all trustees otherwise appointed. In the first case the statutes expressly required the giving of a bond, and if the bond was not given, the trustee must " be considered as having declined the trust." R. S., Chap. 69, sec. 1, 4; G. S. Chap. 100, sec. 1, 4. But in the case of a trustee appointed under a will by the Supreme Court, or appointed under a written instrument other than a will by the Probate Court, there was no statutory requirement that a bond must be given, prior to the passage of the Public Statutes. And under the Public Statutes, no trustee who had not been required to give bond by the laws in force at

the time of his appointment was thereafter required to do so except by special order of Court.

The deed from Colony must be deemed to be a valid deed.

Decree for the petitioner.