### STEELE v. GRAVES et al.

HINES, J. 1. The defendant in error moves to dismiss the bill of exceptions on the ground that the evidence was not properly briefed, the brief consisting in part of a transcript of the stenographer's notes of the evidence in full and of various documents and judicial proceedings in full. *Held,* that as there are questions which can be decided without reference to the evidence, the motion to dismiss the bill of exceptions will be denied. *Miller* v. *Hines,* 145 *Ga.* 616 (89 S. E. 689).

2. The petition in this case set forth a cause of action, and was good against a general demurrer.

3. The court below properly overruled the grounds of special demurrer to the petition.

(*a*) It is only necessary to set out such writings in the petition, or to attach them as exhibits, if they constitute the cause of action sued upon or the basis of the relief prayed. *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418).

(*b*) The point that these paragraphs did not state the substance of the writings or proceedings therein referred to with sufficient clearness to inform the defendant of their character is not raised by these special demurrers.

(*c*) Voluminous pleadings and records of the same court, referred to by the plaintiff in his petition in a pending suit, may be considered by the court as if they were attached as exhibits, although generally such pleadings and records should be attached as exhibits to the complaint. Equity Rule 3, Civil Code (1910), § 6321; *Demere* v. *Scranton,* 8 *Ga.* 43; *Holliday* v. *Riordan,* 12 *Ga.* 417; *Patterson* v. *Turner,* 62 *Ga.* 674; *Graham* v. *Dahlonega &c. Co.,* 71 *Ga.* 296; *Millbank* v. *Penniman,* 73 *Ga.* 136; *Lyons* v. *Planters' Loan & Savings Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155); *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721, 730 (68 S. E. 604, 20 Ann. Cas. 301).

(*d*) Whether such pleadings and records should have been attached as exhibits or not, the right result of a case on its merits will not be disturbed because such documents were not annexed as exhibits. *Lyons* v. *Planters' Bank,* supra.

(*e*) Other grounds of special demurrer to the petition are not insisted on in the brief of counsel for the plaintiff in error, and for this reason we treat them as abandoned. It follows from what is stated above that the judge did not err in overruling the special demurrers to the petition.

4. The court charged the jury as follows: "Where as to lands purchased by the husband with funds belonging to his wife, to which he took title in his own name, a resulting trust immediately arises in favor of the wife, she can not assert ownership thereof as against a third person, who, in ignorance and without notice of the secret equity and on faith of the husband's apparent title, makes to him in good faith a loan secured by a mortgage covering the land so held in trust. Under such circumstances the mortgagee, to the extent of his interest in the lands mortgaged, stands upon the same footing as a bona fide purchaser without notice." The defendant, Minnie L. Steele, excepts to this charge, upon the grounds: (1) It was not adjusted to the pleadings and evidence in the case; (2) the wife could not be estopped from as-

serting her title to the lands by any act of her husband, unless such act was authorized by her or she had knowledge thereof; and (3) a married woman can not be estopped from asserting her rights as owner of the property, except by.her own acts, and the evidence in this case shows that she did nothing whatever to induce Pitts, as trustee, to make the loan, and made no representation as to the title, and did not acquiesce in any representation made by her husband. *Held:* Where a husband and wife are in possession of land and the record title thereto is in the husband, who borrows money from another and executes his deed to such land to the lender to secure the money so borrowed, the title of such lender is superior to the equitable title of the wife, of which the lender had no notice, growing out of the fact that the wife's money had paid for the land and that the title thereto should have been conveyed to her instead of to her husband. *Zimmer* v. *Dansby*, 56 *Ga.* 79; *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga.* 572 (3) (21 S. E. 224); *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650 (34 S. E. 365); *Austin* v. *Southern Home &c. Asso.*, 122 *Ga.* 439 (4) `(50 S. E. 382); *Talley* v. *Mozley*, 149 *Ga.* 529 (101 S. E. 120). In *Dodd* v. *Bond*, 88 *Ga.* 355 (14 S. E. 581), the holder of the legal title had conveyed it to the holder of the equitable title before the creditor had obtained any lien or judgment upon the property. In *Latham* v. *Latham*, 98 *Ga.* 477 (25 S. E. 505), the purchaser from the husband took with full knowledge of the wife's equity. In *Hunt* v. *Doyal*, 128 *Ga.* 416 (57 S. E. 489), the husband conveyed to the wife property in recognition of her equitable right thereto growing out of the fact that it had been purchased with her money. This court held that in doing so he performed both a legal and a moral duty, but that his conveyance to the wife would be subject to the rights of creditors who had given credit to the husband on the faith of his ownership of the property and had been thereby misled. Other cases relied on by counsel for the wife in this case are easily distinguishable from the present case. It follows from the above ruling that the court did not err in the above charge.

5. The court charged the jury as follows: "In considering the testimony, it is your duty to reconcile the evidence without imputing perjury to any witness, if you can do so. The rules of law are that you look to the witness [witnesses] having the best opportunity to know the facts about which they testify and the least inducement to swear falsely." The defendant, Minnie L. Steele, excepted to this charge on the ground that it is an incorrect statement of the law. *Held*, that this charge was misleading and erroneous, In the first place, it omitted the qualification that the witnesses must be of equal credibility. *L. & N. R. Co.* v. *Rogers*, 136 *Ga.* 674 (3) (71 S. E. 1102); *N., C. & St. L. Ry.* v. *Paris*, 138 *Ga.* 864 (76 S. E. 357); *Alabama Great Southern R. Co.* v. *Brock*, 139 *Ga.* 248 (77 S. E. 20). Besides, the language, "the rules of law are that you look to the witness having the best opportunity to know the facts about which they testify and the least inducement to swear falsely," even if this instruction had been accompanied with the foregoing qualification, would have been erroneous, because it was calculated to induce the jury to believe that they must believe such witness when the law is that they may believe him. This error would require the grant of a new trial but for the conclusion reached by us that a finding in

favor of the plaintiff was demanded under the pleadings and the evidence.

6. The court did not err in failing to charge the jury that "This is in effect a suit in ejectment; and if the plaintiff recovers, he must recover upon the strength of his own title, and not upon any weakness of his adversary's."

7. The court proceedings referred to in paragraph (2) of the statement of facts were properly admitted to show the title of petitioner to the note and security deed given by the defendant, J. W. Steele, to Pitts as trustee.

(a) Said record was properly admitted because it constituted the plaintiff's title to said note and security deed and one of the muniments of his title to the land in controversy, although the defendants were not parties to the record. Judgments and decrees are not only evidence of the fact of their rendition, but of all of the legal consequences resulting from that fact, whosoever may be the parties to the suit in which they are offered in evidence. *Wardlaw* v. *McNeill*, 106 *Ga.* 29 (31 S. E. 785).

(b) The will of testator being attached as an exhibit to the petition in said proceedings, the whole proceedings, including said will, were properly admitted by the trial judge.

(c) The fact that the guardian ad litem for the minors was appointed by the court prior to the time such minors were served with the petition and process embraced in the foregoing proceedings did not render said proceedings inadmissible in evidence, it appearing that the guardian ad litem, after the minors were served, acted in their behalf. Civil Code (1910), § 5439.

8. The proceedings, the substance of which is set out in paragraph (3) of the statement of facts, were relevant and were properly admitted to show that Pitts had been appointed trustee of the trust estate created under the will of E. C. Graves.

(a) Said proceedings were not inadmissible because their admission was in effect to get in evidence the will of testator, since said will was a part of said proceedings and was properly admissible as such.

(b) Said proceedings were properly admitted, although the defendants were not parties thereto. *Wardlaw* v. *McNeill*, supra.

(c) Said proceedings were not inadmissible because begun and ended in vacation, and because no process had been issued on the petition seeking the appointment of the trustee, and because the same was not returnable in term time; the judge of the superior court of each county having the power, either in term or at chambers, on petition by all the beneficiaries in the instrument creating the trust who have arrived at years of discretion, and on proper notice to the trustee if there be one residing in this State, to appoint trustees (Civil Code, § 3744), and to do this without a plenary suit in equity (§ 5436).

(d) The trust estate being located in the County of Polk, and all of the beneficiaries thereof in esse being residents of that county, the superior court of said county had jurisdiction to entertain these proceedings and to appoint Pitts trustee of the estate, he having been previously appointed trustee by the Massachusetts court in lieu of the trustee appointed under the will, who had resigned. In *Linton* v. *Shaw*, 95 *Ga.*

683 (22 S. E. 693), this court held: "Where all the beneficiaries of a trust estate, consisting of both realty and personalty in the hands of a trustee residing in this State, are citizens of another State, it is within the power and jurisdiction of the superior court of the trustee's residence, exercising its equitable powers, upon the application of these beneficiaries, to render a decree authorizing them to apply to the proper court in the State of their residence for the appointment of a trustee to take charge of the trust estate for their benefit, and to provide that upon his appointment the Georgia trustee shall convert the real estate into cash and deliver the same, together with the personalty belonging to the trust estate, already in his hands, to the foreign trustee." On like principle, where a trust estate, created under a foreign will, is in this State without a trustee to manage it, we see no reason why a court of equity in this State can not appoint a trustee upon the application of all the beneficiaries who are sui juris, to which application minor beneficiaries are made parties and represented by a guardian ad litem. On this subject see Bradstreet v. Butterfield, 129 Mass. 339; Thiebaud v. Dufour, 54 Ind. 320; Jones v. Jones, 8 Misc. 660 (30 N. Y. Supp. 177).

(e) The executor of the will of testator and the trustee named therein for this estate were not necessary parties to said proceedings.

(f) The fact that the guardian ad litem was appointed for the minors before service of said petition on them did not render said proceedings inadmissible.

(g) Conceding, but not deciding, that the minor beneficiaries should have been served with copies of said proceedings, and that lack of service on them rendered the proceedings invalid as to them, the decree rendered in the proceedings mentioned in the seventh headnote above, to which they were parties and in which they were served with copies of the petition and process, and wherein said trustee was sued as such, would conclude them from disputing the legality of the appointment of said trustee in the proceedings dealt with in this headnote.

9. Applying the above rulings, the trial judge did not err in refusing to grant a new trial.          *Judgment affirmed. All the Justices concur.*

No. 4644.          MARCH 11, 1925.

Equitable petition. Before Judge Irwin. Polk superior court. November 19, 1924.

(1) In addition to the facts which appear in the report of this case when it was here before (*Steele* v. *Graves,* 156 *Ga.* 650, 119 S. E. 690), the following facts are essential to an understanding of the rulings of this court. In the third paragraph of the petition it is alleged that on December 1, 1919, J. W. Steele conveyed the land involved in this litigation to R. O. Pitts, trustee under the will of E. C. Graves, to secure a loan of $2000 principal. In the fourth paragraph it is alleged that this debt was evidenced by a note given by Steele, that the note and the security deed provided for the payment of interest at 8 per cent. annually on December

1st of each year, and that on default in the payment of any annual installment of interest the whole debt should become due and collectible. In the fifth paragraph it is alleged that Graves brought suit against Pitts, as trustee, for the purpose of having the trust created under the will of E. C. Graves decreed to be executed and the title to the property decreed to be in him individually, and that the court did, in September, 1920, pass a formal decree granting the relief prayed. In the sixth paragraph it is alleged that on October 29, 1920, Pitts, as trustee, transferred, assigned, and conveyed unto Graves said note for $2000, together with all right, title, and interest held by said trustee in the real estate conveyed to secure the payment of said note. In paragraph seven it is alleged that the debt became due because of the non-payment of interest, and that Graves advertised the property for sale on the first Tuesday in February, 1923. In the eighth paragraph it is alleged that Graves sold said property at public outcry in pursuance of said advertisement, before the court-house door in Cedartown between the legal hours of sale on the first Tuesday in February, 1923; that said property was knocked off to him, he being the highest bidder, at and for the sum of $1250; and that under the authority of said security deed Graves, both individually and as attorney in fact for Steele, executed his deed conveying title to said land to himself. To each of these paragraphs the defendants demurred specially upon the ground that the respective writings and proceedings referred to in each of such paragraphs were not set out therein nor attached thereto as exhibits. The defendants demurred specially to the seventh paragraph on the further ground that it appeared therefrom that the principal debt was not due at the time of the alleged sale, and that, in the absence of having the security deed set forth in the petition or attached thereto as an exhibit, the allegation that the debt became due and collectible was a mere conclusion of the pleader. The court overruled the special demurrer.

(2) The plaintiff offered in evidence an equitable petition brought by him against R. O. Pitts as trustee, to the August term, 1919, of Polk superior court. This petition alleged these facts: Petitioner and Pitts are residents of Polk County. The father of petitioner was a resident of the State of Massachusetts, who died there in 1912, leaving a will which was duly probated in that State.

Under the terms of this will testator bequeathed to George A. Graves two thirds of the residue of his estate "in trust to hold, manage, invest, sell and re-invest, with full power to sell real estate in his discretion, to pay the net income thereof semi-annually, or, if it seems to him expedient, quarterly to . . Chester H. Graves during his life, and at his death to pay the principal of said estate as he may direct, and, if he leaves no will, to his heirs." George A. Graves qualified as such trustee and acquired possession of the property so going to him as such trustee, except a small portion which remained in possession of the executor. George A. Graves resigned as such trustee. His resignation was accepted by the Massachusetts court having jurisdiction of the administration of the estate. Pitts was appointed trustee under said will. The original trustee settled with Pitts and turned over to him the trust property in his hands. The executor turned over to Pitts as trustee the remaining portion of the property due to the trustee under said will. All parties at interest were then citizens and residents of Polk County, Georgia, and by proper proceedings the jurisdiction of the administration of the trust was removed from the courts of Massachusetts and vested in the courts of Polk County, Georgia, the superior court of that county having theretofore taken jurisdiction of said trust and by order directed the trustee to make his return to the ordinary of Polk County. The property of testator's estate was converted into cash and turned over to Pitts as trustee, and is now in his possession and control in the form of a small amount of cash on hand and loans on real estate located principally in Polk and Haralson Counties, Georgia, the principal amount of which is approximately $76,000. Under the terms of said will petitioner is entitled to all the net income from the property in the hands of the trustee, and is also entitled to the final and absolute disposition of the principal thereof, and has the entire beneficial interest in the income and in the property itself. Petitioner is of age and competent to manage his own affairs. The trust created by his father's will is an executed trust, and he is entitled to possession and management of all the trust property. His wife and twin children eight years of age are residents of Polk County, for whom no statutory guardian has been appointed. Petitioner has requested Pitts as trustee to deliver possession and control to him, but said trustee expresses doubts as to

his legal rights and duties, and declines to do so. Pitts has given bond in the sum of $50,000 for the faithful performance of his duties as trustee, with the American Surety Company of New York as security, and he refuses to deliver the property to petitioner unless instructed to do so by a court of competent jurisdiction.

Petitioner prayed for process; that his wife and children be made parties defendant, served with process and with this petition; that a guardian ad litem be appointed to represent said minor children as well as the interests of any afterborn children; that the court decree said trust executed and direct the trustee to deliver the trust property to him, decreeing the full and absolute owner-ship of the trust property, together with the right to control the same, to be in him; that the trustee be directed to transfer to him all evidence of indebtedness which represents any part of the trust property, together with the title to all real estate or other property that may be held by the trustee as security for the payment of said debt; and that the bond of the trustee be canceled, and that no liability arise under such bond on account of anything occurring subsequently to the final settlement of the trustee with petitioner. Service of the petition was acknowledged by the wife of petitioner and by the trustee. On August 4, 1919, the court by proper order appointed a guardian ad litem for the two minor children of peti-tioner, and further ordered that service of the petition, process, and such order be made upon said minors, and upon the guardian ad litem. The guardian ad litem accepted the appointment. Proc-ess was duly issued, directed to Pitts, trustee, the wife, and said children, returnable to the August term, 1919, of Polk superior court. Service was not perfected in time for that term, and an order was passed making the case returnable to the February term, 1920, and directing service of the petition and process. The minor children were personally served on September 9, 1919. The trustee and wife acknowledged service. The case was tried at the Septem-ber term, 1920, of said court, and a verdict was rendered in favor of plaintiff. A decree was entered thereon, granting the relief prayed.

To the admission of the foregoing proceedings the defendant ob-jected on the grounds, (1) that the evidence was immaterial, (2) that the defendant was not a party and not bound thereby, (3) that it was an effort to get in evidence said will as an exhibit attached to

said proceedings, which could not be legally done, and (4) that there could be no legal judgment in said proceedings, because the guardian ad litem was appointed before the minors named in the petition were served, for which reason the court was without jurisdiction to entertain said proceedings as to them. The court overruled these objections and admitted said evidence. Error was assigned on this ruling.

(3) Plaintiff offered in evidence a proceeding in Polk superior court, brought by R. O. Pitts, C. H. Graves, and Rowena May Graves, filed November 18, 1916, in which it was alleged that E. C. Graves was the father of C. H. Graves; that E. C. Graves died in Massachusetts in 1912, leaving a will which had been duly probated in the proper court of said State (the material parts of which are set out above); that George A. Graves, who was nominated in said will as trustee of the property therein bequeathed to C. H. Graves, resigned said trust, which resignation was duly accepted, and that Pitts was, by the probate court for the County of Essex, Massachusetts, appointed as trustee under the will of E. C. Graves, and required to give bond in the sum of $50,000 for the faithful performance of said trust, which he did, and qualified as such trustee, and has ever since been acting as such; that the estate of testator going to the trustee for C. H. Graves under the will has been turned over to Pitts as such trustee; that all necessary and proper steps for the settlement of the estate of E. C. Graves have been taken in the Massachusetts court, and the estate is ripe for final settlement, and there will remain nothing to be done in the Massachusetts court except to receive such reports as the trustee may be required to make from time to time; that C. H. Graves, the only son of E. C. Graves, Rowena May Graves, his wife, and R. O. Pitts are residents of Polk County, Georgia; that a portion of the estate of E. C. Graves going to the trustee for C. H. Graves has already been transferred from Massachusetts to Georgia and is in the custody of said Pitts; that the only other persons who can have any interest in that portion of such trust estate are E. C. Graves and Rowena May Graves, twins of the age of five years, and residents of said county of Polk; that the laws of Massachusetts authorized a transfer of the administration of the trust estate from the courts of that State to those of Georgia; that the court of ordinary of Polk County is the proper court having jurisdiction

of the same; and that it is to the manifest interest of all parties concerned that such administration be so removed, the courts of Massachusetts being willing to surrender jurisdiction to the courts of Georgia.

Petitioners prayed the appointment of a guardian ad litem for said minors, and that on a hearing after full investigation the court appoint R. O. Pitts as trustee under the laws of Georgia, and authorize him to receive, manage, control, and administer the trust estate, requiring him to give a proper bond; that the court authorize said trustee to apply to the Massachusetts court having jurisdiction, for a transfer of the administration to the court of ordinary of Polk County; and that said trustee be required to make annual returns to said court of ordinary on the first Monday. in July each year. This petition was duly verified by petitioners. A copy of the will was attached thereto. On November 18, 1916, an order was passed by the judge of Polk superior court, appointing William Bradford guardian ad litem for said minors, and requiring him to show cause at Cedartown on December 4, 1919, why the prayers of the petition should not be granted. Said appointment was accepted on November 22, 1916, and the guardian ad litem filed an answer in which he admitted the allegations of the petition, and further set up that the best interest of said minors would be subserved by the grant of its prayers. On December 4, 1916, said application came on before the judge for a hearing; and after hearing evidence and a full investigation, the court granted the prayers of said petition, appointed R. O. Pitts as trustee, and required him to give a bond in the sum of $50,000. To the introduction of the foregoing proceedings the defendants objected on the grounds, (1) that they were irrelevant; (2) that it was an effort to get in evidence the will of E. C. Graves, which was attached as an exhibit to said petition, which could not legally be done; (3) that the defendants were not parties to and not bound by said proceedings; (4) that said proceedings were begun and ended in vacation, and no process was ever issued on said petition, and the same was not returnable in term time; (5) that the superior court of Polk County is without jurisdiction to entertain said proceedings; (6) that the executor of the will of testator and the trustee named in that will were not made parties to said proceedings; and (7) that the guardian ad litem was appointed for

the minors before service of said petition on said minors, and that there was no entry of service on said minors. The court overruled these objections and admitted said proceedings. To this judgment the defendant, Minnie L. Steele, excepted.

*M. B. Eubanks,* for plaintiff in error. *Bunn & Trawick,* contra.