ABEL PHELPS, Reviewer,
*against*
ABNER HALL, Reviewee.

The interest which will exclude a person from testifying, must be a *direct interest* in the event of the suit; not a contingent, remote or possible interest; and in all cases of doubt the Court will admit the witness to testify, and submit his credibility to the Jury.

*SCIRE FACIAS.* The plaintiff declared, That on the 21st of *March*, A. D. 1799, he prayed out a writ of attachment against *Jonathan Henry*, returnable to *Rutland* County Court, *November* term, A. D. 1799. That he delivered the writ to *Gardner Clark*, constable of *Wallingford*, to serve and return, who returned that he had arrested *Henry*, and took the defendant as bail for his personal appearance, &c. that by the consideration of the same County Court he recovered judgment against *Henry* for 56 dols. 8 cts. damages, and 11 dols. 37 cts. costs of suit, and in due time took out his writ of execution, and delivered the same to the high bailiff to serve and return; who returned a *non est inventus*, and the plaintiff therefore cites the defendant to show cause, if any he have, wherefore the said *Abel Phelps* ought not to have his execution for the damages and costs aforesaid against him with additional damages and costs, &c.

The defendant pleaded in bar an accord and satisfaction. That before the return of the original writ, to wit, on the 5th day of *November*, 1799, at *Wallingford*, the plaintiff, in consideration of three dollars to him in hand paid by the said *Jonathan Henry*, agreed to discontinue the suit, and thereby to release and discharge the said *Henry* from the arrest made by virtue of said writ of attachment, *et hoc paratus est verificare*. Wherefore he prays judgment, &c.

Phelps v. Hall.

The plaintiff replied by traversing the facts in the plea in bar, and says, that he did not, in consideration of three dollars in hand paid to him by the said *Jonathan Henry*, agree to discontinue the said suit, and thereby to release and discharge the said *Henry* from the arrest made by virtue of said attachment; *absque hoc.*

Upon this traverse issue was taken, and put to the Jury.

It appeared by the defendant's witnesses, that the sum of three dollars was paid by *Henry* at the time and place alleged in the plea in bar to *Samuel Prentice*, Esquire, the plaintiff's attorney in the original suit. But the question arose, for what it was paid; whether as a consideration for the accommodation of the original suit, or certain other actions, which Mr. *Prentice* had instituted against *Henry*, at the suit of others.

The plaintiff offered to show by Mr. *Prentice*, that the money was received and applied as intended by *Henry* in part discharge of costs accruing in other suits, of which he had the management as attorney.

*Chipman*, counsel for the plaintiff, objected to the *competency* of the witness, as *interested;* and insisted, that if the plaintiff did not recover in the present action through the prevalence of the bar, he could well maintain an action against the witness his attorney; for it was impossible to sustain the bar without showing improper conduct in the attorney who received the money.

*Sed per Curiam.* Objections to the *competency* of witnesses have of late failed to have that weight in

Phelps v. Hall.

Courts of Justice which they anciently had. Indeed some distinctions, which exclude some and admit others to testify, seem very nice. The remainder-man cannot, say the books, be a witness, but the heir at law may; although his ancestor may be on his death-bed, expiring with old age. The rule which has governed this Court is, that the interest which shall exclude a person from testifying must be *a direct interest* in the event of the suit; not a contingent, remote, or possible interest; and in all cases of doubt whether the interest is direct or not, the Court will admit the witness to testify, and submit the credibility of his testimony to the Jury.

In the present case, the Court see no direct interest in the witness. Let him be sworn; and the Jury, under the charge of the bench, will weigh his credibility.

Witness admitted.

*Daniel Chipman*, for plaintiff.

*Cephas Smith*, junior, and *Darius Chipman*, for defendant.