No. 60.—WILLIAM P. HARDWICK, plaintiff in error, *vs.* JAMES S. HOOK, receiver, &c. defendant.

[1.] The claimant, under our laws, being entitled to the custody of the property in dispute, may contract with third persons, as to the possession thereof; and such third persons will be answerable only to the claimant. But if the claimant be a *feme covert*, and incapable, by reason of such disability, of interposing any claim, coming wrongfully by the possession herself, she can confer no rights on others.

[2.] It is competent for Courts of Chancery to appoint a receiver to institute suits in his own name, for the recovery of assets belonging to the suitors in Equity; and being substituted in the place, such receiver is subrogated to all the rights of the real parties in interest.

[3.] A decree in Chancery is evidence, not merely of the fact of its rendition, but also of all the consequences resulting therefrom. It may be given in proof against persons who were not parties to the bill, in support of the plaintiff's right or title to sue.

[4.] It is no objection to a decree, that it was rendered by consent.

[5.] A naked trustee is a competent witness in an action to which he is not a party.

Assumpsit, &c. in Washington Superior Court, Tried before Judge HOLT, September Term, 1849.

Daniel Harris, as guardian, obtained judgment against Morris Walden to a large amount, and caused the same to be levied, in 1842, on a number of negro slaves in the possession of Walden. To a portion of these negroes, Sarah Walden, the wife of Morris Walden, by her next friend, L. Mathis, interposed a claim, that the same were her separate property, and gave a forthcoming and claim bonds, with William P. Hardwick as surety. The negroes, at that time, went into the possession of Hardwick, and remained in his possession until the termination of the litigation.

Before the claim issue was tried, Mrs. Walden, by her next friend, filed a bill, alleging the foregoing facts; and further, that her husband received this property in trust for her, and held it as trustee; but fearing she could not sustain her claim at Law, prayed that this property might be settled as a provision for her, and that the creditor, Harris, might be enjoined. Upon this bill, a decree was rendered, in 1846, settling one half of the property in dispute to Jeptha Brantley, in trust for Mrs. Walden, and provi-

ding that the other half be sold by James S. Hook, as receiver in Equity, and the proceeds paid to Harris, the creditor; and "that the said receiver in Equity proceed to collect, and if necessary, to sue for the hire of said slaves, that may have accrued or become due, by whomsoever, since the levy of the *fi. fa.* and divide the same" equally between Harris and Mrs. Walden, through her trustee.

Hook, the receiver, commenced an action of *assumpsit, &c.* against Hardwick, for the hire of the negroes, reciting in his petition the decree above stated. Upon the trial, counsel for Hardwick took exceptions to the action, on the ground of a want of privity between the parties. The exception was overruled by the Court, and this is the first error complained of.

Plaintiff below then offered, in evidence, the record of the bill and decree, which was objected to—

1st. Because, by the bill, the right to the hire is not vested in Hook, but he is a mere agent to sue in their names.

2d. Because Hardwick was not a party to the bill.

3rd. Because the decree showed that at the time Hardwick took possession of the property, Hook had no title thereto.

The Court overruled the objections, and this decision is alleged as error.

Jeptha Brantley was then offered as a witness, by Hook. Objection—that he was incompetent, being the trustee named in the decree for Mrs. Walden. The Court overruled the objection, and this decision is assigned as error.

The defendant below proposed to prove by one E. C. Williamson, a contract or agreement between Mrs. Walden and Hardwick, about the hire of the negroes, in September, 1842, after the bill in Equity had been filed. Objected to by counsel for Hook, and ruled out by the Court, and this decision is complained of as erroneous.

The defendant then proposed to prove by Isham H. Saffold, that Hardwick had paid him $100, as the fee contracted by Mrs. Walden for the defence of the claim case, before the property went into the possession of Hardwick. On objection by plaintiff's counsel, the Court rejected the evidence, and this decision is assigned as error.

Defendant's counsel then proposed to prove by Charles J. Jenkins, that the decree in the Equity cause was made and drawn

by counsel, and submitted to be signed by the Jury, by consent. The Court rejected the evidence, and this decision is assigned as error.

Defendant's counsel requested the Court to charge the Jury—

1st. That from the decree under the bill, there is no evidence of title in the plaintiff, to authorize a recovery in this action.

2d. That if the Jury believed that Hardwick went into the possession of the negroes, under a contract with Mrs. Walden, if liable at all, he is liable to Mrs. Walden.

3d. That after the bill was filed, Hardwick could contract with Mrs. Walden, he being no party to the bill, especially if he had no notice of it.

The Court refused so to charge, but on the contrary, among other things, charged the Jury, that " In this case, the decree vests the legal title in Hook to the hire, and he has a right to recover all the hire in this suit, against Hardwick, from the time the Court of Equity took jurisdiction of the cause; that the legal title to the hire was separated by the decree from the legal title to the property, and vested in Hook; that if Mrs. Walden had been a *feme sole*, when the property went from the Sheriff to Hardwick, she would have had the right to contract about the possession, and would have been bound by it, but being a *feme covert*, she could make no contract to impair her rights after the Court of Equity took jurisdiction of the cause; that the hire must be governed by the decree."

All of which charge and refusal to charge, is assigned as error.


JOHNSTON and THOMAS, for plaintiff in error.


To maintain the action of assumpsit, a *promise*, express or implied, must be proved, and the contract must be proved to have been made *by* the defendant *with* the plaintiff, and him only.   1 *Saund. Pl. & Ev.* 109, 42.   4 *B. & A.* 437.   1 *East*, 497.   8 *T. R.* 332.   *Brown on Actions at Law*, 328.   9 *C. & P.* 87.

The consideration must have proceeded from the plaintiff, and at the defendant's request, express or implied.  1 *Saund. Pl. & Ev.* 148.  1 *T. R.* 20.   *Str.* 933.   *Brown on Actions*, 328.

In all actions at Law, the plaintiff must be the one in whom the *legal right* was vested, at the time the cause of action arose.

Hardwick *vs.* Hook.

*Brown on Actions,* 99, 103. *Broom on Parties,* 1. 7 *T. R.* 50, 667. 2 *Bing.* 20. 8 *T. R.* 332. 3 *Camp,* 417.

A contract, being a mere chose in action, cannot be assigned, so as to allow the assignee to sue in his own name. He must use the assignor. *Brown on Actions,* 105, *and authorities there cited.*

Covenants do not run with personalty. *Broom on Parties,* 10. 13 *East,* 63. 10 *East,* 279.

A receiver is one appointed by the Court to provide for the safety of property *pending the litigation*—to take care of *the property in dispute,* and pay it over, and its profits, to the party eventually entitled. This was not a proper *case* nor a proper time for the appointment of a receiver. 1 *Smith's Ch. Pr.* 628, '9. 2 *Madd. Ch. Pr. Bennett's Ch. Pr.* 89. 16 *Wend. R.* 405, 21. 3 *Daniel's Ch. Pr.*

A receiver cannot bring an action in his own name. When he sues, he sues by permission of the Court of Chancery, and sues in the name of the party having the legal right. 1 *Smith's Ch. Pr.* 639. 3 *Atk.* 750. 16 *Wend.* 410. 3 *Bro. C. C.* 86. 1 *Johns. Ch. R.* 60.

The rights of third parties, neither parties nor privies to a suit, cannot be affected by that suit.

The testimony of a trustee is not admissible in a suit for the benefit of the *cestui que trust,* because the fund is to be paid to him, and is subject to be retained for any balance due him from the *cestui que trust,* he being entitled to commissions.

C. J. JENKINS, for defendant.

The decree in Chancery, appointing Hook, (the plaintiff below,) receiver, vests in him a legal title to the hire of the slaves in contest, accruing *pendente lite,* and the defendant, Hardwick, is legally liable for it—hence the privity. 1 *Story's Equity,* §73. 2 *Story's Equity,* §§831, 833, 834. 8 *Paige's Chancery Reports,* §§565, 388. 2 *Roper on Husband and Wife,* 117, 118. 8 *Term Reports,* 547.

The record of the suit and decree in Chancery, was competent evidence, even against a stranger, to show title in the plaintiff below. 1 *Starkie's Evidence,* 212. 1 *Greenleaf's Evidence,* §538, '9.

A trustee, when not a party to the record, nor liable for costs,

is a competent witness, though his *cestui que trust* may have an interest in the record. *Phillips' Evidence,* 41. *Norris Peake's Evidence,* 229. 1 *Greenleaf's Evidence,* §333. 1 *Douglass' Reports,* 140. 1 *P. Williams' Reports,* 289, 290. 1 *Modern Reports,* 107.

A decree in Chancery, having been put in evidence, simply to show plaintiff's legal right—to establish privity—not to fix defendant's liability—it was not competent for defendant to attack that decree collaterally, by proving that it was founded on consent between the parties.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is Hardwick liable to pay hire to *any* body for the negroes which were in his possession? Had he got the custody of them from one capable, in Law, of giving it—as all lawful claimants, we apprehend, are—then, most clearly, he would have been responsible to no one else; and might, as he seeks to do in this case, have protected himself from hire, by contract with the claimant. But Mrs. Walden, being a *feme covert,* was incapable, in Law, of interposing any claim. She herself acquired the possession of these slaves wrongfully. The Sheriff had no right to give it to her ; and, consequently, she could confer no right, by contract or otherwise, upon the defendant, Hardwick. He is, therefore, liable for hire to the rightful owner of the property, upon an implied assumpsit.

[2.] Is Hook, the plaintiff, entitled to sue for and recover this hire, as receiver? We see no reason why he may not. The power is expressly conferred upon him by the decree; and it is competent for a Court of Chancery to delegate such authority. It is the every-day practice to do so. When appointed, his right relates back to the commencement of his principal's title. Being substituted in the place, he is subrogated to all the rights of the true owners of the property.

[3.] But it is said that Hardwick was not a party to the bill, and that therefore the decree was inadmissible against him—that it was *res inter alios acta.* Judgments and decrees are not only evidence of the fact of their rendition, but of all the legal consequences resulting from that fact, whosoever may be the parties to the suit in which it is offered in evidence. The record may be

introduced where it constitutes one of the muniments of the party's title to an estate, as where a deed was made under a decree in Chancery. *Barr vs. Gratz*, 4 *Wheaton*, 213. So, here it is competent, by the decree, to establish the plaintiff's right, as receiver, to maintain this action. The defendant is not affected by it. He is entitled to every defence which he might have had, had the action been brought by Harris, the creditor, and Brantley, the trustee of Mrs. Walden.

[4.] Nor was it error in the Court to refuse to allow Mr. Jenkins to testify that the decree in the bill, filed to protect the wife's equity, was rendered by consent. This would, in no wise, affect its validity, even if it could be attacked in this collateral way. The parties to the proceeding had a right to compromise their controversy; and why should third persons object, provided they are not prejudiced by it? Indeed, so far from there being anything wrong in this, I had looked upon it as a duty to "agree with our adversary, while in the way with him."

The Court, too, was right in rejecting all testimony which was offered, either for the purpose of proving a contract between Hardwick and Mrs. Walden, exempting him from the payment of hire, or the expenditure of money, on her account, to attorneys and others. We repeat, that as a married woman, she was incapable of contracting in relation to this property, it not having been at that time settled to her separate use. And whatever claim Mr. Hardwick may have in Equity, against the trustee of Mrs. Walden, (and that he is entitled to relief, I will not deny,) still, he cannot plead them, either by way of payment, or set-off to an action at Law, brought against him for the undivided hire of the negroes, while the title was joint, and before they were distributed between the wife and the creditor of her husband.

[5.] There is one other decision excepted to, and that is the ruling of the Court, that Brantley, the trustee, under the decree of Mrs. Walden, was competent to prove the hire received by Hardwick. To disqualify a witness, on the ground of interest, it must be fixed and certain, and not remote and contingent. 10 *Johns. R.* 21. 1 *Ib.* 491. 3 *Dall.* 508. 2 *Tyler*, 399. 1 *Term Rep.* 163. 5 *Johns. Rep.* 256. And Mr. *Phillips, in his Treatise on Evidence,* (1 *volume,* 40,) remarks, that "it may be laid down as a general rule, that executors in trust, trustees and agents are

not incompetent, merely on the ground of their liability to action."*

It never was held that a naked trust would exclude one from being a witness. *Willis on Trustees,* 227, *and cases cited.* If he were a party to the record, in a Court of Law, the rule would be otherwise; but in Equity, he might even then be examined as a witness, by leave of the Court, which is granted in such cases, as a matter of course. *Marr vs. Ward,* 2 *Atk. Rep.* 228.

Here Brantley, as trustee, was no party to this suit. He is not responsible for cost, nor the result, nor the expense of carrying it on. He is neither the real nor the nominal party. There is nothing then to disqualify him, and we are of opinion that his testimony was rightfully received.