JOHN BEASLEY, plaintiff in error, vs. THOMPSON ALLAN and JOHN R. STANFORD, defendants in error.

Non-joinder of a party who ought to be sued as a defendant is an amendable defect, under the Act of 1850; and consequently cannot be taken advantage of after verdict.

Assumpsit, in Gwinnett Superior Court. Decision by Judge HAMMOND, at September adjourned Term, 1857.

*Motion in arrest of judgment.*

John Beasley as bearer, brought suit against Thompson Allan and John R. Stanford, on a promissory note, of which the following is a copy, to-wit:

"$300.   By the twenty-fifth day of December next, we promise to pay to David B. Moore, or bearer, three hundred dollars, with interest from date.   Value received.

January 1st, 1854.

(Signed,)        ALLAN & STANFORD,.
                T. ALLAN."

The declaration set forth " that Thompson Allan and John R. Stanford, merchants and copartners trading in and using the joint name, and mercantile firm of Allan & Stanford, were indebted to plaintiff the sum of three hundred dollars, besides interest, for that heretofore to-wit: on the first day of January, 1854, the said Allan & Stanford made their certain joint note under their hands of that date, (which note is subscribed Allan & Stanford, T. Allan,) and which is in writing, and then delivered the same to one David B. Moore, and thereby promised by the 25th December," &c.

The Sheriff of Gwinnett county made a return, that he had served a copy by leaving it at the place where Thompson Allan's family now resides in this county.   And Stanford being a resident of Habersham county, a second original and copy was sent to the Sheriff of that county, who served a copy personally upon " defendant Stanford."

After verdict for the plaintiff, the defendant John R. Stanford moved in arrest of judgment on the ground that the note declared upon was the joint note of Allan & Stanford, as partners, and Thompson Allan individually, and that Thompson Allan one of the makers of said note was not declared against, nor was he served with process.

The presiding Judge sustained the motion, and ordered the judgment to be vacated and set aside.

To which decision plaintiff by his counsel excepted, and assigns the same as error.

SIMMONS & JULIAN, for plaintiff in error.

C. and W. J. PEEPLES, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are inclined to think that the writ in this case was properly brought and served; and that whether it was or was not, the common law rule, that the non-joinder of Thompson Allan as a separate contractor, (if indeed he were such) should have been taken advantage of by demurrer to the declaration or by plea in abatement. For by the Act of 1850, *(Cobb* 493,) it is provided that when any two or more persons sue or are sued in the same action, and the name of any person who ought to be joined in such action as plaintiff or defendant is omitted; on ascertaining the same, the omission shall be amended instanter.

In this case, a copy of the note was set out; and while we can see no reason why Thompson Allan should have been charged doubly; still, if the legal import or effect of the contract made it necessary, the objection because of the omission, should have been taken at the proper time, and in the proper way. For then the defect could have been cured without cost or delay. It consequently comes too late after verdict, which cures all amendable defects; (3. *Kelly* 81); and of course this omission under the statute to which we have referred.

Judgment reversed.