## ENGLISH *et al.* v. GRANT.

1. The defense of non-joinder of defendants is not available after verdict.
2. Where several persons undertake in writing to procure the release of another person from a bond upon which he has become jointly and severally liable with others, or "to save him harmless on account of that bond," the persons so undertaking are liable to the person with whom they thus contract, for any damages he may lawfully sustain by reason of his having signed such bond.
3. One of the defenses relied upon in the present case is disposed of by the decision of this court in *Brown* v. *Barnes*, 99 *Ga.* 1.
4. Pleas which merely allege that the defendants "do not know," or that they "do not of their own knowledge know," whether or not certain averments of the plaintiff's petition are true, do not, under our statutes, constitute a sufficient denial of such averments.
5. The court having rightly stricken the pleas of the defendants, for the reason that they presented no issues for determination by the jury, it was proper to treat the allegations of the plaintiff's petition as true, and, so doing, there was no error in directing a verdict in his favor.

Argued June 9, — Decided July 27, 1897.

Complaint.   Before Judge Reid.   City court of Atlanta.
November term, 1896.

*Julius L. Brown,* for plaintiff in error.
*John L. Hopkins & Sons,* contra.

FISH, J.   1. Suit was brought by Grant against English,
Murphy, James, and the executrix and executrix of Joseph E.
Brown, upon a joint bond; and after verdict and judgment
for the plaintiff against all the defendants except James, the
executors and executrix of Brown filed their bill of exceptions,
in which they excepted to the verdict and judgment, on the
ground that James had not been served with process and no
excuse or reason for not serving him had been shown, and
no verdict and judgment should have been had against
any of the defendants, on account of such non-joinder.   No
plea in abatement for the non-joinder of James was filed, nor
was any motion made to dismiss the action because he was
not served.   Very clearly the defense of non-joinder should
have been presented to the court prior to the verdict, and can
not be available after verdict.   *Beasley* v. *Allan,* 23 *Ga.* 600;
*Jennings* v. *Wright & Co.,* 54 *Ga.* 537; *Merritt* v. *Bagwell,* 70
*Ga.* 578.

2. By the terms of the bond given to Grant by Brown,
Murphy, English and James, as principals, and Morrill as
surety, they obligated themselves to procure the release of
Grant from the bond which Penitentiary Co. No. 3, as principal,
and Alexander, Grant and others, as sureties, had previously
given to the State, and, if that could not be done, "to save
him harmless on account of that bond."   They did not procure
his release.   When the executions for the unpaid hire of the
convicts for the years 1894 and 1895 were issued by the comp-
troller-general, in favor of the State against Penitentiary Co.
No. 3, as principal, and Alexander, Grant and others, as
sureties, and the State was proceeding, as it had the legal right
to do, to make the full amount of such executions out of Grant,
by having his property levied upon, and he was thereby forced
to pay off such executions, the sums so paid were damages
which Grant had lawfully sustained by reason of his having
signed the bond to the State, and Brown, Murphy, English

and James were, under the terms of their bond, viz.: "to save him harmless on account of that bond," liable to him for the full amount so paid. He had been harmed to that extent on account of that bond, and had the right to recover his damages from them. He was under no obligation to first enforce contribution from his co-obligors on the bond given to the State, before proceeding against the defendants, as there was no stipulation of this kind in the bond given by them to him. The direct duty of the defendants, under their bond, was to protect Grant from loss on account of the bond given the State, and their failure to do this gave him a right of action against them for all the loss he suffered by reason of his having signed such bond; and the amount that he was forced to pay on such executions was liquidated damages.

3. The plea that said executions, levied upon Grant's property, were void, because issued against Thomas Alexander and William W. Simpson after their deaths, is disposed of by the decision of this court in *Brown* v. *Barnes*, 99 *Ga.* 1.

4. Under the act of 1893 (Acts 1893, p. 56), when a defendant desires to plead, he must answer each averment of fact which is distinctly and plainly made in the petition, by doing one of three things: (1) either deny the averment, (2) admit the averment, or (3) state that he can neither admit nor deny the averment, because of the want of sufficient information. The averment is to be treated as fully proved if the plea does not reply to it or deny it in the manner pointed out by the act. Pleas which merely allege that the defendants "do not know," or that they "do not of their own knowledge know," whether or not certain averments of the plaintiff's petition are true, do not, under our statute, constitute a sufficient denial of such averments. The plea should contain the result of a fair and reasonable search for information. If such search leaves the mind in doubt of the truth or falsity of the averment, this doubt may be, ordinarily, pleaded, coupled with the assertion of ignorance upon the defendant's part. Moreover, in the case at bar, the defendants who filed the pleas stricken on demurrer were the representatives of an estate, and their personal knowledge was not involved. Certainly

the acts of their testator, as alleged in the petition, may have been done without their actual knowledge. Again, the action being upon a bond and the bond being fully set out in the petition, its execution and delivery could only be denied by a plea of non est factum; nor could the recitals in the bond be denied until its execution had been first attacked in a legal manner. An examination of the pleas shows that they do not, under our statutes, sufficiently deny the averments in the petition, and there was no error in striking them upon demurrer. *Hight* v. *Barrett & Bradley*, 94 *Ga.* 792; *W. U. Teleg. Co.* v. *Lark*, 95 *Ga.* 806; *Johnson* v. *Cobb*, 100 *Ga.* 139; *Lester* v. *McIntosh*, 101 *Ga.* 675.

5. The court having rightly stricken the pleas of the defendants, for the reason that they presented no issues for determination by the jury, it was proper to treat the allegations of the plaintiff's petition as true, and, so doing, there was no error in directing a verdict in his favor.

*Judgment affirmed. All the Justices concurring, except Little and Cobb, JJ., disqualified.*