21301. PERRIN v. REARDON.

STEPHENS, J. 1. A petition as amended wherein the plaintiff alleged that he bought described personal property from the defendant, through the latter's authorized agent to sell, who at the time represented to the plaintiff that the defendant "had a perfect right to sell said goods," that the plaintiff bought the property "in good faith, believing the representation of defendant," that in fact the defendant at the time had no title to the property, but the title was in a third person, who afterwards instituted against the plaintiff a trover suit for the property and recovered a money verdict, that the plaintiff vouched the defendant into court to defend the trover suit, and that the defendant breached the implied warranty of title to the property sold, to the plaintiff's damage in the amount of the verdict found against the plaintiff in the trover suit, set out a cause of action, and was not subject to the general demurrer.

2. The petition as amended alleged a cause of action for the breach of an

implied warranty of title in the contract to sell (Civil Code of 1910, § 4135 (1)), which was an action arising ex contractu,. and neither the petition, nor the amendment to the petition which alleged that the plaintiff had vouched the defendant into court to defend the trover suit, was subject to demurrer upon the ground that the cause of action in the trover suit arose ex delicto, while the cause of action in the present suit arose ex contractu, or that the amendment to the plaintiff's petition set out a new cause of action. The court did not err in allowing the amendment to the petition, or in overruling the demurrers to the petition and to the amendment to the petition.

3. Notice which would charge a purchaser of personal property with negligence in not discovering a defect in the vendor's title, which the vendor impliedly warranted in the sale, is not the constructive notice derived from the record in the clerk's office as required by law of instruments affecting the title to property. Before a purchaser can be charged with negligence in failing to discover a defect in the vendor's title to the property sold, the purchaser must have had actual notice of the defect, or notice of a fact sufficient to put the purchaser upon inquiry as to the state of the title to the property. Civil Code (1910), § 4530.

4. The court, fairly to the defendant, submitted to the jury the law with reference to the duty which rested upon the plaintiff to exercise due care in discovering the defect in the defendant's title to the property sold. The requests to charge made by the defendant, in so far as they were appropriate, were fully covered in the charge given by the court.

5. Where the defendant had, in the trover suit against the plaintiff, been vouched into court by the plaintiff, it is, so far as the present case is concerned, immaterial that the answer which the defendant as the vouchee filed in the trover suit was stricken. The defendant having been vouched into court in the former suit by the present plaintiff, who was the defendant in that suit, had notice and opportunity to defend, and is bound by the judgment in that suit in so far as it establishes the right of the plaintiff in that suit to recover and the amount of the recovery. Civil Code (1910), § 4197; McArthor v. Ogletree, 4 Ga. App. 429 (61 S. E. 859).

6. The verdict found for the plaintiff was authorized by the evidence, and no error appears.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 18, 1932.

Henry G. Howard, James S. Bussey Jr., for plaintiff in error.
Johnny J. Jones, contra.