STRICKLAND *v.* PADGETT.

No. 14821.  MAY 4, 1944.

*Franklin & Eberhardt,* for plaintiff in error.

*Langdale, Smith & Tillman,* contra.

DUCKWORTH, Justice. ■ The motion to set aside the verdict is based on the ground that it is too vague, uncertain, and indefinite to be capable of execution, for the reason that each count set up a different dividing line, and the verdict failed to state on which count it was found. The same reason is assigned in special ground 15 of the motion for new trial, excepting to the charge of the court that, if the jury found for the petitioner, their verdict would be, "We, the jury, find in favor of the plaintiff, and that the defendant be enjoined;" and in special ground 16 of the motion for new trial, excepting to the verdict on the same ground. All of these exceptions may be disposed of in one ruling.

It is conceded by the parties in their briefs that the petitioner is the owner of lots 142 and 143, and that the defendant is the owner of lots 180 and 181, all in the 16th land district of Echols County, Georgia, and that the question is: what is the true dividing line between the properties? In count 1, the petitioner set up the dividing line by a certain description, and in count 2 by a different description. He alleged that, before the trespass charged against the defendant, there had been no dispute between the parties. The defendant contends to the contrary, and further asserts that, whatever may have been the dividing line, such line was by agreement between the parties and its execution changed to a totally different line from any alleged by the petitioner; and that the agreed line so defines his lands that the allegation of trespass is without foundation in fact. The petitioner denies that any binding agreement was entered into to trace and survey the boundary line. To sustain his contentions as to the dividing line, the petitioner introduced evidence which has been referred to in the foregoing statement of facts. The defendant, plaintiff in error, contends that thereby two different and distinct lines are to be inferred; that as the verdict of the jury was only a general one and did not show on which count of the petition it was founded, it is necessarily incapable of enforcement; and that, accordingly, the court erred in overruling his motion to set aside the verdict. This contention must be upheld. Under the evidence introduced by the petitioner

in support of count 1, the dividing line ran due west from an old original corner to the Alapaha River, and from such corner ran due east to the eastern boundary of lots 142 and 181. In other words, the line, beginning at the Alapaha River, ran due east to the original corner just below the old Elihu Morgan dwelling house, and continued, in an unvarying prolongation, from the corner due east to the eastern boundary of lots 142 and 181. Also, according to the record of litigation between W. T. Staten and L. J. Strickland, who are the respective predecessors in title of the present petitioner and defendant, the dividing line was fixed by the same description as that used in count 1 of the present petition. Such an adjudication was, of course, binding, not only upon the parties thereto, but upon their privies, and the record was properly admitted as against the defendant in this case. "A decree in chancery is evidence, not merely of the fact of its rendition, but also of all the consequences resulting therefrom. It may be given in proof against persons who were not parties to the bill, in support of the plaintiff's right or title to sue." *Hardwick* v. *Hook*, 8 *Ga.* 354. See also Powell on Actions for Land, 173, § 144; *Wardlaw* v. *McNeill*, 106 *Ga.* 29, 33 (31 S. E. 785), for a full discussion of this principle. Hence, if the petitioner had confined his contentions with regard to the dividing line as set out in count 1, and the verdict of the jury had been founded on that count, it would have been clearly enforceable with a decree in conformity therewith. But the petitioner also introduced, apparently in support of count 2, a photostatic copy of the State survey of 1820, of file in the office of the Secretary of State, of the 16th land district of formerly Irwin, now Echols County, Georgia, which has been referred to in the foregoing statement of facts, and which under the interpretation of a witness, a surveyor, showed that the dividing line between lot 142 of the petitioner and lot 181 of the defendant does not run "due east," but runs from the original corner at an angle with the dividing line referred to in count 1 as running "due east," and with a magnetic variation of 5 degrees and 30 minutes therefrom, and which, according to the plat presented to him, would lie slightly below a "due east" line claimed by the petitioner to be the southern boundary of lot 142. Thus it appears that two separate and distinct boundary lines are shown by the evidence; and as the verdict of the jury does not disclose on which count it is based, or indicate

the particular dividing line between the properties, it necessarily follows that such verdict is incapable of enforcement by a proper decree thereon, as it can not be determined to which definite line the defendant may enjoy his possession of lot 181 without violating a decree of injunction based only on the general verdict. For these reasons, the court erred in overruling the defendant's motion to set aside the verdict and in overruling special grounds 15 and 16 of the motion for new trial.

■ Since the case is being remanded for another trial, rulings will be made on the special demurrers which apply to the same allegations in each count of the petition, the general grounds of demurrer having been expressly abandoned; and on special grounds of the motion for new trial not dealt with in the preceding division of the opinion. One special ground of demurrer attacks the allegations of paragraph 6 of the petition that there has been a plainly marked and well-defined dividing line between the lands of the parties for a period of at least twenty-five years. It is contended that the allegations fail to set forth by what signs, markings, or other methods or means such a line has been plainly and well defined, and that its location is not alleged. The petition in count 1 alleged that the dividing line ran from a designated corner south of the petitioner's dwelling house, formerly known as the Elihu Morgan dwelling house, due west *along an old fence row* to the Alapaha River, and that from the same corner the line ran due east to the eastern boundary of lots 142 and 181. In count 2 the line was alleged to be the north original land-lot line of lots 180 and 181. We think that these allegations sufficiently informed the defendant of the petitioner's claim, and it was unnecessary to repeat them in the paragraph which is attacked.

■ Another special ground of demurrer attacks a sentence in paragraph 7 of the petition, on the ground that it does not state the location of the dividing line beyond which it is alleged the defendant had not encroached until recently. The second or last sentence is also specially demurred to on the ground that the averments that the described dividing line has been fully recognized by the parties as the true dividing line, and that they have acquiesced in the correctness of the same, do not show the location of the dividing line or how the defendant has acquiesced therein. In so far as the objections for lack of information respecting the location

of the line are concerned, they are controlled adversely to the demurrant by what is said above in dealing with the special demurrer to paragraph 6 of the petition. As respects the objection that it is not shown in what manner the parties had acquiesced in the line, the petitioner alleged that the possession of his lands had been evidenced by occupation of the dwelling and outhouses on said lands, by the cultivation of a farm thereon, by the working and leasing of timber thereon for timber and other purposes, by the erection and maintenance of fences and other improvements, and in general by the exercise of an open and exclusive dominion over and throughout said lands. In paragraph 6 the petitioner alleged that there had been a plainly marked and well-defined dividing line between the properties for a period of at least twenty-five years; and then alleged that the defendant had never, until recently and within the past year, exercised or attempted to exercise any acts of ownership over any part of the land lying north of said line; that the line had been fully recognized as the true dividing line between the properties claimed by the parties respectively; and that they had acquiesced in the correctness of the same. All of the allegations of acquiescence were not required to be shown in the one paragraph 6; and we think that acquiescence in the sense intended by the petitioner is sufficiently shown in the petition; the averments not purporting to show the establishment of an unascertained, uncertain, or disputed line by acquiescence for seven years, as contemplated by the Code, § 85-1602, but alleging a line which has been definite, fixed, undisputed, and recognized as such line by both parties for at least twenty-five years. This ground is without merit.

■ Another special ground of demurrer attacks an allegation in paragraph 9 of the petition, viz., that the petitioner has been damaged by the defendant's trespassing in the sum of $150 or other large sum, on the ground that no facts are alleged to show in what manner the petitioner has been damaged in the amount claimed or any other amount. The special damage complained of was described as caused by the tearing down and removal of turpentine cups, fences, and other improvements. It was not necessary to allege the damage with the detailed exactness required by proof. The petition shows what was damaged and the amount of the damage, and was sufficient to enable the defendant to plead

thereto. Under *Griffin* v. *Russell,* 144 *Ga.* 275, 288 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), the petition was good against this special demurrer.

■ Since the case is being reversed, and the evidence may not be the same on another trial, no ruling is necessary on the general grounds of the motion for new trial or on special ground 4 thereof, which merely relates to the evidence. Special ground 5 complains that the court erred in not charging that acquiescence for seven years by acts or declarations of adjoining land owners (Code, § 85-1602), shall establish a dividing line. The only acquiescence alleged by the petitioner was with respect to the dividing line before the time when the defendant claimed that a new line was established by an agreement between the parties, duly executed, in November, 1939. Since seven years had not elapsed, any charge as to such acquiescence under the Code would have been inappropriate; and since the defendant denied any acquiescence, as alleged by the petitioner with regard to the line before the agreement alleged by the defendant, the failure to charge as urged by the defendant was not harmful to him.

■ In special ground 6, complaint is made that the court erred in failing to charge that both land owners must exercise acts of ownership to the dividing line or make declarations indicating such line to be the true dividing line between the coterminous owners, and that acts or declarations of one owner alone will not suffice. This objection is without merit for the reasons shown in the preceding ruling.

■ Special ground 7 complains that the court erred in not charging the provisions of the Code, §§ 85-401, 85-402, and 85-403, as to title by prescription, as to possession as the foundation thereof, and as to how such possession may be evidenced; it being contended that each section was applicable "to one of the main issues in the case." Inasmuch as it is not made to appear to what issue each section was applicable, the ground is incomplete within itself and presents nothing for decision. As a matter of fact, however, the defendant admitted that the petitioner was the owner of lots 142 and 143, and that the only issue was as to the dividing line between such lots and the defendant's land. Besides, the petitioner alleges his title through a chain from W. T. Staten, and the defendant, while denying that the dividing line was as set

forth by the petitioner, merely answered the petitioner's allegation of title by saying that "this defendant can neither admit nor deny" such allegation, and failed to state that such inability was because of want of sufficient information. In these circumstances the allegation must be taken as true, and it was not necessary to prove it. Code, § 81-103; *English* v. *Grant,* 102 *Ga.* 35, 37 (29 S. E. 157); *Jones* v. *Teasley,* 25 *Ga. App.* 784 (2) (105 S. E. 46). Therefore, when the petitioner introduced in evidence the record of the litigation between W. T. Staten and L. J. Strickland in 1915, showing an adjudication that the dividing line was the same as that described in count 1 of the present petition, he became prima facie entitled to a verdict finding the line as claimed, without showing title by prescription, subject to being defeated only by the defendant showing that, notwithstanding such dividing line, he and the petitioner had subsequently entered into and executed an agreement fixing another dividing line. For these reasons, a charge on the provisions of the Code, §§ 85-401, 85-402, and 85-403, was unnecessary, and no error is shown in this ground.

■ Special ground 8 complains that the court erred in failing to charge in certain language as to title by possession for twenty years, "because it covers a material issue in the case made by the pleadings and the evidence, and states a correct principle of law;" but the ground, being incomplete within itself in not pointing out to what material issue it was applicable, presents nothing for decision. Besides, it is without merit for the reasons shown in the preceding paragraph of this opinion.

■ Special grounds 9 and 10 complain that the court erred in not giving a certain charge with respect to the alleged parol agreement between the parties to trace and survey the dividing line between the properties; it being contended that such a charge "covers a material issue in the case made by the pleadings and the evidence and embodies a correct principle of law." Inasmuch as the grounds are incomplete within themselves in not pointing out the material issue to which the charge would have been applicable, nothing is presented for decision.

■ Special ground 11 complains in substance that, in defining preponderance of evidence, the court stated that it should be sufficient to incline the "free and impartial mind to one side of the issue or issues rather than to the other;" it being contended that

under the Code, § 38-106, the court should have used the word "reasonable" instead of the word "free," and that the latter word instructed the jury that the preponderance or superior weight of the evidence is what is sufficient to incline a mind acting, not from reason, but unrestrictedly and without being circumscribed or bound by reason, to one side of the issue rather than to the other. While the word "free" might have been inapt, we can not say that it confused the jury in the manner contended, because, if the minds of the jury be "free," they are unhampered and unshackled by confusion or cloud of thought and capable of functioning normally and reasonably; and certainly, in connection with the word "impartial," the jury would not have received the impression that they could let their minds run counter to the dictates of logic and reason. The charge was a substantial compliance with the Code section, and in the absence of a timely request to charge such section literally, the instruction as given is not ground for a new trial. See *Shingler* v. *Bailey*, 135 *Ga.* 666 (3) (70 S. E. 563); *Lowry* v. *Lowry*, 170 *Ga.* 349, 350 (153 S. E. 11, 70 A. L. R. 488); *Studstill* v. *Bergsteiner*, 25 *Ga. App.* 405 (2) (103 S. E. 691).

■ Special ground 12 complains that, in charging the law as to the settlement of a boundary line by agreement and the execution thereof, the court erred in stating immediately thereafter that, "as to whether the rule of law is applicable in the case, will be determined by you according to what you believe to be the evidence in the case with respect to that;" it being contended that thereby the court failed to state the correct method to guide the jury, which was that they should determine the issue by what they believed to be the *truth* of the evidence. The only reasonable construction of the charge is that the jury was to determine the issue by what the evidence showed to be the truth of the issue, and the instruction could not be said to have misled the jury.

■ Special ground 13 complains that the court erred in charging the jury as to the principle of res judicata, in the circumstances hereinafter pointed out, without such a plea having been filed. The petitioner had introduced in evidence a part of the record of litigation between W. T. Staten and L. J. Strickland, in which a decree had been entered, establishing the boundary line between the lots now owned by the parties here by the same description as that used in count 1 of the petition. The court instructed the jury in

substance that if they believed such litigation covered the same property here involved and fixed the boundary line, such adjudication would be res judicata as to the interest involved, and the matter of the boundary line would be settled, unless they found that the parties had by agreement, duly executed, fixed a line notwithstanding the verdict in the other case. The court did not pretend to instruct the jury as to the effect of a plea of res judicata, or that being sustained it would constitute a bar to the present proceeding, and the petitioner had, of course, made no attempt to avoid the present suit but was the instigator of it. The decree in the other litigation was admissible evidence of the determination of the boundary line between lots 142 and 181 as being the same as that described in count 1 of the present petition, and was binding upon W. T. Staten and L. J. Strickland and their privies, and available evidence for the petitioner, successor in title to Staten, in showing his chain of title even in a suit against one who might not have been a party to the previous litigation. See *Wardlaw* v. *McNeill, supra.* The court did not purport to charge on any question of bar to the present suit, as would be involved in a *plea* of res judicata, but only charged quite properly that the dividing line as concluded by the decree in the former litigation would be res judicata, that is, settled and determined as between the parties here, if the jury found that they were privies respectively of W. T. Staten and L. J. Strickland. This ground shows no error.

*Judgment reversed. All the Justices concur.*