### 32736.  LANDERS *v.* DAVIS.

Decided February 2, 1950.

*Harris & Harris*, for plaintiff.

*Lanham, Parker & Clary*, for defendant.

Sutton, C. J.  This is an action, based on the breach of an implied warranty of title to an automobile, brought by C. L. Landers against Glenn Davis in Floyd Superior Court.  In substance the allegations of the original petition are as follows: A Chevrolet automobile was transferred by a series of sales from Mrs. F. H. Green to Black, from Black to Glenn Davis, the defendant, from Davis to C. L. Landers, the plaintiff, from Landers to Woodrow Beam, and from Beam to L. T. Bannister. The automobile was valued at $825 at the time the defendant sold it to the plaintiff.  F. H. Green, the husband of the aforementioned Mrs. Green, claimed the automobile and prevailed in a trover action against Bannister.  Bannister and his bondsmen paid Green $795.75, and Bannister collected this amount from Beam, who required Landers to pay him because of the failure of his warranty of title to the automobile.  Judgment was sought for $795.75 plus interest.  The defendant demurred to the petition, and the plaintiff amended, the substance of the amendment being to give details of the trover action of Green versus Bannister; and he attached to his petition copies of portions of the record in the trover action, showing the verdict and judgment for Green for $775 and costs, and showing that Bannister gave notice to Beam to appear and defend the action, and that Beam gave Landers a similar notice.  The defendant demurred to the amendment and to the petition as amended, and after a hearing on demurrer the trial judge sustained certain

grounds of the original and the second demurrer, and dismissed the petition "with leave for the plaintiff to amend to conform to the sustained paragraphs of the demurrer," to which judgment the plaintiff excepted.

While it is unnecessary to repeat the grounds of demurrer, which are lengthy, it appears that the sustained grounds of the demurrer were aimed at eliminating any and all reference to the trover action, unless the plaintiff could show that the defendant in the present action received notice to appear and defend that action, it apparently being the contention of the defendant that, if all reference to the trover action is eliminated, the petition will not contain anything showing that the title to the automobile was not good when the defendant sold or exchanged it to the plaintiff, or that the plaintiff has suffered any loss thereby, other than as shown by the conclusions of the pleader. Among other things, it is contended by the defendant that he is not concluded or bound by the judgment in the trover action, inasmuch as it does not appear that he was vouched into court in that action, and that the judgment in that action is not admissible as evidence against him to show that his title was not good, and therefore cannot be pleaded.

The gist of an action based on the breach of an implied warranty of title to personalty is that the plaintiff has sustained a loss on account of a defect in title at the time of the sale of the personalty by the defendant to the plaintiff; and unless the plaintiff has sustained a loss, he has no action, even if the title were defective. Code, §§ 96-301 (1), 96-306. It is true that the judgment in the trover action is not conclusive or binding upon the defendant as showing a defect in his title, since it does not appear that he was given notice to appear and defend that action, or that he in fact appeared and defended the action. See *Monroe* v. *Fourakers,* 117 *Ga.* 901 (45 S. E. 240); *Loeb* v. *May,* 186 *Ga.* 742 (198 S. E. 785); *Southern Railway Co.* v. *Acme Fast Freight,* 193 *Ga.* 598 (19 S. E. 2d, 286); *Barrett* v. *Miller,* 36 *Ga. App.* 48 (3) (135 S. E. 111); *Perrin* v. *Reardon,* 44 *Ga. App.* 823 (5) (163 S. E. 300). But it nowhere appears that the plaintiff is attempting to plead the judgment in the trover action as being conclusive or binding upon the defendant, or as showing, even prima facie, that the

defendant did not have good title. The judgment in the trover action cannot be used to show that the defendant did not have a good title to the automobile when he warranted the title to the plaintiff. See *Brown* v. *Chaney*, 1 *Ga.* 410, 414, and the citations therein. The plaintiff must show, however, that he has sustained a loss, and the pleadings and exhibits in regard to the trover action are relevant to show that the plaintiff has suffered a loss, and conclusively show that the plaintiff is bound by the result of that action, even if the defendant is not concluded or bound thereby. It is well established that a judgment may be used against others than the parties or privies to the action on which the judgment is based to show the fact of its rendition and the consequences resulting therefrom, and a judgment may be used under such circumstances in support of the right to bring an action. See *Hardwick* v. *Hook*, 8 *Ga.* 354; *Wardlaw* v. *McNeill*, 106 *Ga.* 29, 33 (31 S. E. 785); *Steele* v. *Graves*, 160 *Ga.* 120 (7a) (127 S. E. 465). It was not objectionable for the plaintiff to make allegations in his petition and attach exhibits thereto in reference to the pleadings and judgment in the Green case as a part of the history of the transactions for which he had a cause of action based on the alleged breach of warranty. Such allegations are pertinent and relevant as part of the facts in showing the plaintiff's right to maintain the present action.

We think that the grounds of the demurrer to the petition which were sustained were without merit, and that the trial judge erred in sustaining these grounds and in dismissing the petition unless the plaintiff amended it to conform to these grounds of demurrer.

Pursuant to the act of the General Assembly, approved March 8, 1945, (Ga. L. 1945, p. 232, Code (Ann. Supp.), § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., Townsend and Worrill, JJ., concur. MacIntyre, P. J., concurs specially. Felton and Gardner, JJ., dissent.*

MacIntyre, P. J., concurring specially. I do not think that the petition as originally drawn was subject to the demurrer,

nor do I think that the petition as amended, which was a mere amplification, was subject to the demurrer here in question. I think that the plaintiff had a right to plead a merely introductory matter to the gist of his cause of action that he or his successors in title or possession to whom he was beholden were put out of possession of the automobile, or its equivalent, made to pay its value, by a writ from the court (it is immaterial that it happened to be a writ in a trover suit); and thus show that the plaintiff did not voluntarily surrender the property or possession to a mere interloper in title or possession in violation of any of the rights of the defendant from whom he had bought the car and who impliedly warranted the title, which warranty the plaintiff was now suing on. The suit is founded on a breach of the warranty, and the loss of the automobile or its value is the gist of the action, but I think that the plaintiff should be allowed to plead and show by way of inducement, in explanation of the gist of his cause of action, the manner in which the transaction originally took place and the subsequent history of the case so that the jury would be the better able to understand the case. *Hobbs* v. *Holliman*, 74 *Ga. App.* 735, 738 (41 S. E. 332). The rules of evidence are not intended to exclude facts which would better explain the case to the jury so that they could be better able to consider it in a more understanding manner. Indeed it is the rule in this State that, if the admissibility of evidence is doubtful, it should be admitted. Under the petition as pleaded, I think that the evidence should not be admitted to show that the defendant was foreclosed from showing title in himself because of the trover judgment rendered in a case to which he was not a party, but merely to show the rather involved history of the case and that the possession of the car or its equivalent in money had not been surrendered voluntarily or negligently in violation of any of the rights of the defendant relative to his title or possession of the car, but had been surrendered by virtue of a writ issuing from a judgment of a named court. However, before the plaintiff could recover, he still had to carry the burden of proving his cause of action by aliunde evidence that the defendant had no title to the automobile and had breached his warranty, causing damage to the plaintiff in a stated amount.

FELTON, J., dissenting. I think that the judgment in the trover suit is wholly irrelevant to the issue in this case and would be highly prejudicial to the defendant. It is not necessary for the plaintiff to show that he was ousted of ownership and possession by law. If the trover action had been decided the other way, I do not think that anyone would contend that it was not irrelevant and not prejudicial to the plaintiff. It would put the defendant in this case to a decided disadvantage for the jury in this case to know that in another case it was decided that the wife did not have the right to trade in the automobile. I do. not think that the cases cited in the other opinion are authority for the conclusion therein reached. See *Smith* v. *Williams*, 117 *Ga*. 782 (45 S. E. 394); 46 Am. Jur. 580-1, § 409. GARDNER, J., concurs.