STRICKLAND, administrator, *v.* PADGETT, administratrix.

CANDLER, Justice.  J. E. Padgett filed a suit in the Superior Court of Echols County against E. H. Strickland to enjoin him from trespassing on certain described lands and for damages.  The parties were coterminous landowners, and the true location of their boundary line was the real controversy between them.  At the trial, a jury found in favor of the plaintiff, and on a review of the case this court, on May 4, 1944, held that the verdict was too vague, uncertain, and indefinite to be enforced, and reversed the judgment then complained of.  *Strickland v. Padgett,* 197 *Ga.* 589 (30 S. E. 2d, 167).  The original parties are now dead, and this litigation is proceeding in the names of their legal representatives.  Reciting consent thereto, the trial judge, on March 14, 1949, entered a judgment fixing the boundary line in dispute and requiring the defendant to pay the plaintiff $500.  No exception was then taken to the judgment.  On March 12, 1951, the prior judgment was modified and amended by setting out a more definite description of the established boundary line, and it is recited in the judgment of March 12, 1951, that it was entered by the court after the parties had, in open court, agreed that the judgment of March 14, 1949, should be so modified and amended; that such modification and amendment was necessary to a final and equitable disposition of the cause; and that the defendant had paid the plaintiff $500 as required by the judgment of March 14, 1949.  The judgment of March 12, 1951, was not excepted to during the term at which it was rendered; but, subsequently and in vacation, the defendant filed a statutory motion to set aside the judgment rendered March 14, 1949, and in arrest of the one entered on March 12, 1951, with prayers only for that specific relief and for a rule nisi, alleging that they were rendered by the court without the movant's consent.  The motion was overruled and the exception is to that judgment.  *Held*:

Both of the judgments here involved were rendered in term time.  The motion attacking them was filed in vacation, and later likewise adjudicated in vacation.  In both instances the court was without jurisdiction. A judge of the superior court has no jurisdiction to entertain a motion to set aside a judgment or a motion in arrest of judgment where the motion therefor is made in vacation.  *Haskens* v. *State,* 114 *Ga.* 837 (40 S. E. 997); *Chapman* v. *State,* 116 *Ga.* 598 (42 S. E. 999); *Malsby* v. *Studstill,* 127 *Ga.* 726, 728 (56 S. E. 988); *United States Fidelity & Guaranty Co.* v. *First National Bank of Cornelia,* 149 *Ga.* 132 (99 S. E. 529); *Davis* v. *Bennett,* 159 *Ga.* 332 (125 S. E. 714).  In technical pro-

cedural propriety, the motion in this case should have been dismissed for want of jurisdiction; but, since practically the same result was obtained by overruling it, the judgment presently complained of may properly be affirmed, as a means of final disposition. See, in this connection, *United States Fidelity & Guaranty Co.* v. *First National Bank of Cornelia,* supra.

*Judgment affirmed. All the Justices concur.*

No. 17515. SUBMITTED JUNE 12, 1951—DECIDED JULY 10, 1951.

*Jesse T. Edwards,* for plaintiff in error.
*Langdale, Smith & Tillman,* contra.